■ HOOPER ASSOCIATES, LTD., Appellant-Respondent, v AGS COMPUTERS, INC., Respondent-Appellant and Third-Party Plaintiff-Appellant. O.E.M. DATA SYSTEMS, INC., Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County (David H. Edwards, Jr., J.), entered December 28, 1989, which upon a jury verdict in favor of the plaintiff as to liability on its first, second and third causes of action, awarded the plaintiff only nominal damages of $1 and costs on those three causes of action as against defendant AGS Computers, Inc., and dismissed plaintiff's fourth and fifth causes of action, unanimously affirmed, without costs.

Plaintiff is an importer of ladies' apparel and defendant is a designer, seller and supplier of computer systems. Plaintiff contracted with defendant AGS to design and install a computer system for plaintiff's New York Stock business. Plaintiff commenced this action to recover damages based, *inter alia,* upon defendant's alleged breaches of the contract, fraud and various misrepresentations. The jury found, *inter alia,* that the defendant failed or refused to perform certain material obligations under the contract and that defendant's representations to the plaintiff that the equipment in question was new, that the equipment would perform in accordance with the specifications under the contract, and that the defendant

would not assign the contract were knowingly false when made but that plaintiff had sustained no damages as a result of the defendant's misrepresentations. The matter of attorneys' fees was passed upon and denied by the Court of Appeals (74 NY2d 487).

Contrary to the plaintiff's contentions on appeal its proof as to damages was not undisputed. Even if plaintiff's witnesses were credited, their testimony and the documentary evidence did not conclusively connect the alleged damages to the breaches and misrepresentations successfully proved. The evidence presented the jury with questions of credibility which it resolved in favor of the defendant. A court should exercise its discretion to set aside a jury verdict as against the weight of the evidence only where it seems palpably wrong and it can be plainly seen that the preponderance is so great that the jury could not have reached its conclusion on any fair interpretation of the evidence (Loughman v Flint Co., 132 AD2d 507, 508). In the instant case, defendant's evidence, both documentary and testimonial, revealed plaintiff's proof of damages to be speculative.

We have reviewed plaintiff's other arguments and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ.