■ MIKAEL SALOVAARA, Respondent-Appellant, v ALFRED C. ECKERT III et al., Appellants-Respondents, et al., Defendant. [821 NYS2d 59]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered January 12, 2005, which, to the extent cross-appealed from, denied defendants' motion for summary judgment on causes of action one through five of the complaint; partially denied defendants' motion for summary judgment on counts six and seven; granted defendants' motion for summary judgment to dismiss the eleventh cause of action; granted plaintiff's motion for summary judgment on the third and eighth causes of action as to liability; and partially granted plaintiff's motion for summary judgment as to liability on counts six and seven, unanimously modified, on the law, to deny plaintiff's motion for summary judgment on the third, sixth, seventh and eighth causes, and otherwise affirmed, without costs.

This action seeks indemnification for legal fees and expenses incurred by plaintiff in connection with the prosecution of many actions against defendants. Plaintiff and defendant Eckert, who had been partners at Goldman Sachs & Co., left that firm in 1991 to form their own investment group, which operated six separate and distinct funds in 1992 and 1993 to invest in the securities of distressed companies. Following the disintegration of the business relationship between plaintiff and Eckert, a series of lawsuits was commenced in New York, New Jersey and Pennsylvania.

In the instant action, plaintiff seeks, inter alia, indemnification from defendants based on an indemnification clause contained in the limited partnership agreement of the International Fund, one of the six funds formed by plaintiff and Eckert,

which provided for indemnification for an "affiliate" arising from the action of the other general partner which "relate[s] in any way" to the International Fund. Since we find a paucity of evidence to demonstrate that plaintiff's lawsuits related to the International Fund, we vacate the award of summary judgment to plaintiff and remand for further proceedings.

In February 1994, plaintiff commenced *Salovaara v Eckert* in New Jersey. Our review of the record reveals that, at the very least, there exists a question of fact regarding whether or not that action "related to" the International partnership in any meaningful sense, particularly since plaintiff sued on his own behalf to recover from Eckert for his alleged breach of their partnership agreements and in no way on behalf of International, which fund received no monetary benefit therefrom. Accordingly, summary judgment should have been denied on the indemnification claims pertaining to that underlying action.

Plaintiff commenced a second action in New Jersey (*Salovaara II*), challenging the indemnification of Eckert by a fund other than International for his costs and expenses in defending the February 1994 action. In a third suit, plaintiff, individually and as an Employee Retirement Income Security Act (ERISA) fiduciary of a fund other than International, sued Eckert in federal court in New York claiming a breach of his duties with respect to a fund other than International. Finally, plaintiff, on behalf of International, commenced an action against a third party for malpractice. There is no evidence that the facts which gave rise to any of these actions had any connection to acts or failures to act by Eckert vis-à-vis International. In the absence of a demonstration by plaintiff that in any of these actions he successfully sued Eckert on behalf of, and to the benefit of, International, for acts or failures to act by Eckert "relating to" International, we are unable to discern a basis on which to grant summary judgment to plaintiff for indemnification.

The eleventh cause of action, for breach of fiduciary duty by Eckert in not seeking indemnification from the Greenwich Street fund and thereby increasing the liability of other funds, should not have been dismissed. The partnership agreement at issue is ambiguous, requiring the introduction of parol evidence. Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.