■ JOHN M. VAN DEVENTER et al., Appellants, v CS SCF MANAGEMENT LIMITED et al., Respondents, et al., Defendants. [850 NYS2d 73]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered July 14, 2006, which, inter alia, held that defendants-respondents are not required to indemnify plaintiffs for costs and expenses, including reasonable attorneys' fees, incurred in plaintiffs' prosecution of this action, unanimously affirmed, with costs.

A promise by respondents to indemnify plaintiffs in an action

brought by plaintiffs against respondents is not "unmistakably clear" from the subject agreement (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]), which unambiguously limited respondents' obligation to indemnify plaintiffs to the defense of any actual or threatened action or proceeding; plaintiffs' interpretation would render such language meaningless (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]). Contrary to plaintiffs' contention, respondents' obligation to indemnify was not broadened by the "any and all" or "to the fullest extent permitted by law" language in the indemnification provision (*see Sequa Corp. v Gelmin*, 851 F Supp 106, 110-111 [1994]; *cf. Murphy v Columbia Univ.*, 4 AD3d 200, 202-203 [2004]). We note that our decision in *Salovaara v Eckert* (32 AD3d 708 [2006], *modfg* 6 Misc 3d 1005[A], 2005 NY Slip Op 50010[U] [2005]) did not approve of the motion court's reasoning on which plaintiffs rely. Concerning plaintiffs' claim of an inconsistency between the decision and order, since the record does not contain any counterclaims brought by nonparties to the subject agreement, any determination as to respondents' obligation to indemnify plaintiffs with respect to any such counterclaims would be premature. Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.