Order, Supreme Court, New York County (Bernard J. Fried, J.), entered June 11, 2012, which granted partial summary judgment to plaintiff-respondent Crossroads Financial Services, LLC on its claim for the advancement of litigation expenses, ordered the advancement of expenses for plaintiffs’ prosecution of their first through fifth causes of action and for defending against defendant-appellant Quad-C Funding, LLC’s counterclaims, referred the determination of the reasonableness of the expenses demanded to a special referee, and denied Quad-C’s cross motion to dismiss the fifth cause of action, including Crossroads’ claims for indemnification and advancement of all litigation expenses related to this case, unanimously affirmed, with costs.
Indemnification and advancement of legal fees are two distinct corporate obligations (see Ficus Invs., Inc. v Private Capital Mgt., LLC, 61 AD3d 1, 9 [1st Dept 2009]), and given these separate purposes, the motion court properly determined that the servicing agreement distinguished between the relief available to a corporate officer at the conclusion of the proceedings and that which is available while the proceedings are ongoing.
Here, the language of the contract, negotiated by two commercially sophisticated parties, reinforces this Court’s recognition of the distinction between the two remedies. As in Ficus Invs. (61 AD3d at 9), under section 8 (b) (ii) of the servicing agreement, all that is required for Crossroads to be advanced its legal fees by Quad-C is a statement that Crossroads agrees to reimburse Quad-C “in the event it is ultimately determined by a court of competent jurisdiction that such Crossroads Indemnified Earty is not entitled to be indemnified by the company.” Until that question is ultimately resolved, the motion court properly held that Quad-C is required to advance Crossroads’ legal fees.
Nor does the indemnification provision at issue preclude intraparty claims. To the contrary, the indemnification provision *646 does not include an exhaustive list of actions for which indemnification is required, nor are there any other provisions in the servicing agreement that would be rendered meaningless if the indemnification provision is read to include any claims— intra-party or otherwise—that involve Crossroads by reason of its services to, or on behalf of, or management of the affairs of, Quad-C. Rather, this indemnification provision is, as noted above, extremely broad, applying to “any and all claims, demands, actions, suits or proceedings,” provided that Crossroads’ involvement therein is by reason of its service, etc. to Quad-C. The parties chose to use highly inclusive language in their indemnification provision, which they chose not to limit by listing the types of proceedings for which indemnification would be required. Therefore, while the rule set forth in Hooper Assoc. v AGS Computers (74 NY2d 487 [1989]) applies in those cases where the parties’ intent is not evident from the plain language of the agreement, that is not the case here.
We have considered the remaining arguments and find them unavailing.
Concur—Tom, J.R, Acosta, Román, Feinman and Clark, JJ.