■ MARY SMITH, Plaintiff, v HUNTER ROBERTS CONSTRUCTION CORP., LLC, et al., Respondents, and J. PETROCELLI CONTRACTING, INC., Appellant, et al, Defendant. (And a Third-Party Action.) HUNTER ROBERTS CONSTRUCTION CORP., LLC, et al., Second Third-Party Plaintiffs-Respondents, v R. SMITH RESTORATION, INC., Second Third-Party Defendant-Appellant. [11 NYS3d 1]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered March 28, 2014, which, to the extent appealed

from as limited by the briefs, granted defendants Hunter Roberts Construction Group LLC, Dormitory Authority of the State of New York, the City of New York, and New York City Health and Hospitals Corporation's (together, the moving defendants) motion for summary judgment on their cross claims against J. Petrocelli Contracting, Inc. for contractual indemnification, and order, same court, Justice and entry date, which granted the moving defendants' motion for summary judgment on their third-party claims against third-party defendant R. Smith Restoration, Inc. (RSR) for contractual indemnification, unanimously reversed, on the law, without costs, and the motions denied.

The indemnification provisions at issue require defendant Petrocelli and third-party defendant RSR to indemnify the moving defendants for incidents arising from their work on a construction project at the Gouverneur Healthcare Services, Inc. facility (the GHS project). The moving defendants seek indemnification from Petrocelli and RSR for the death of Richard Smith, the principal of RSR, a subcontractor hired by Petrocelli on the GHS project, when he fell from the roof of a building under construction. It is uncontested that Richard Smith's death may have been suicide.

The IAS Court erred in concluding that moving defendants were entitled to summary judgment on the basis that Richard Smith's fatality occurred within the scope of his work. Even giving the indemnity provisions at issue the broadest possible construction, it cannot be said as a matter of law that the loss arose out of RSR's work on the project, especially given the testimony that RSR had ceased working on the GHS project before the date of the incident. " 'The promise [to indemnify] should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances' " (*Republic Natl. Bank of N.Y. v Simmcor U.S.A. Corp.*, 203 AD2d 107, 110 [1st Dept 1994], quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]).

We have considered the moving defendants' remaining contentions, and find them unavailing. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.