OPINION OF THE COURT
Saxe, J.
In this state, and indeed, in the rest of the country, the longstanding “American rule” precludes the prevailing party from recouping legal fees from the losing party “except where authorized by statute, agreement or court rule” (U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]). Indemnification provisions in contracts have spurred the ingenuity of attorneys who parse the language of such provisions with an eye to extracting the essence of a right to attorney’s fees for the winning side. New York, however, has been distinctly inhospitable to such claims; in fact, in the leading case of Hooper Assoc, v AGS Computers (74 NY2d 487, 492 [1989]), the Court of Appeals rejected a claim for attorney’s, fees under an indemnification clause because the language of the clause did not make it “unmistakably clear” that the winning side should be awarded such fees. Because the indemnification provision under scrutiny on this appeal does not meet the exacting Hooper test of unmistakable intention, we reject the motion court’s interpretation of the parties’ indemnification provision and reverse its grant of summary judgment to plaintiffs.
The parties entered into a unit purchase agreement by which defendant High River Limited Partnership purchased from plaintiffs Gotham Partners, L.P, Gotham Partners, III, L.P, and Gotham Holdings II, L.L.C. (collectively, Gotham) their shares of Hailwood Realty Partners, L.P In addition to the $18.8 million purchase price, the agreement required High River to pay plaintiffs an “Additional Purchase Price” if it sold or transferred any of the Hailwood units within 36 months. The agreement also contained the following indemnification provision, on which plaintiffs rely for their attorney’s fees claim:
“Section 7.10 PURCHASER OBLIGATION.
“(a) [High River] agrees to indemnify and hold *205 [Gotham] harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, charges, expenses and disbursements (including reasonable fees and expenses of counsel) which may at any time be imposed on, incurred by or asserted against [Gotham], as the result of any action taken by (or failure to act of) [High River] following the execution and delivery of this Agreement with respect to, or associated or in connection with, [Hailwood] or [High River]’s interests [in Hailwood] . . . (provided, that for avoidance of doubt, such obligation of [High River] shall not arise out of the entry of the parties into this Agreement or any breach by [Gotham] of any of [its] representations, warranties, covenants or agreements hereunder).
“(b) If a third party commences any action or makes any demand against [Gotham], [Gotham] will promptly notify [High River] . . . [High River] shall, at its own expense, defend any action for which [Gotham] is entitled to indemnification hereunder and shall be entitled to control the defense of such action with counsel (which counsel shall be chosen by [High River]) and reasonably acceptable to [Gotham] who shall jointly represent [High River] and [Gotham]; provided that in the event that [Gotham] desires to participate in such action with counsel selected by [Gotham], [Gotham] may do so at its sole cost and expense . . .
“(c) [High River] shall have the right to settle any action, so long as any such settlement results in a full release to [Gotham] subject to such action with respect to the matters asserted therein.
“(d) In the event that [Gotham] brings a legal action against [High River] in order to enforce its right to such indemnification, if it is ultimately determined by a final non-appealable order . . . that: (i) [Gotham] is so entitled to indemnification, then [Gotham] shall also be entitled to recover the reasonable cost and expense of counsel incurred in asserting such claim . . . ; or (ii) [Gotham] has not prevailed in any such action, then [Gotham] shall pay to [High River] the reasonable cost and expense *206 of counsel incurred by [High River] in defending such claim.”
Plaintiffs prevailed on their claim that as a result of Hall-wood’s merger with another entity within 36 months of the sale of their shares to High River, under which merger Hailwood unit owners received cash in exchange for their units, High River was required to pay plaintiffs the contemplated additional purchase price (Gotham Partners, L.P. v High Riv. Ltd. Partnership, 33 AD3d 453 [2006]). Plaintiffs then sought an award of attorney’s fees and expenses of $736,839.28 incurred in suing High River for the additional purchase price, asserting that High River indemnified plaintiffs for these expenses in section 7.10 (a) of the agreement, and the motion court granted their motion for summary judgment.
However, we conclude that the language of the indemnification provision falls short of satisfying the exacting standard of Hooper Assoc, v AGS Computers (74 NY2d 487 [1989], supra) that for an indemnification clause to cover claims between the contracting parties rather than third-party claims, its language must unequivocally reflect that intent.
The Hooper court examined an indemnification provision in a contract for the purchase of computer equipment and services that obligated the defendant seller to
“ ‘indemnify and hold harmless [plaintiff] . . . from any and all claims, damages, liabilities, costs and expenses, including reasonable counsel fees’ arising out of breach of warranty claims, the performance of any service to be performed, the installation, operation and maintenance of the computer system, infringement of patents, copyrights or trademarks and the like” (74 NY2d at 492).
Relying on the rule that “[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed” (id. at 491), the court considered the indemnification provision’s list of potential grounds for claims, and observed that all were “susceptible to third-party claims” and none were “exclusively or unequivocally referable to claims between the parties themselves” (id. at 492). Therefore, the Hooper court held, the indemnification clause could not properly be interpreted to cover costs arising out of the litigation between the parties.
The indemnification clause at issue here, like the one considered in Hooper, is framed in language “typical of those *207 which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim” (74 NY2d at 492). We also recognize that the agreement itself establishes that the parties were well aware of how to frame an enforceable provision creating an entitlement to prevailing party attorney’s fees; section 7.12 constitutes an unmistakable, unequivocal prevailing party attorney’s fees provision in favor of High River: “[Gotham] shall ... be liable with respect to all losses, costs, damages, judgments, suits, charges, expenses and disbursements (including reasonable fees and expenses of counsel) . . . incurred or suffered by [High River] as a result of or arising out of a breach by [Gotham] under this Agreement. . . .”
In contrast, section 7.10 (a) nowhere clearly states that it covers expenses incurred by plaintiffs as a result of High River’s breach of the parties’ contract. Rather, plaintiffs rely on the portion of the clause that refers to fees and expenses “which may at any time be imposed on, incurred by or asserted against [Gotham], as the result of any action taken by (or failure to act of) [High River] following the execution and delivery of this Agreement with respect to . . . [Hailwood] or [High River]’s interests [in Hailwood].” (Emphasis added.) They argue that attorney’s fees incurred as a result of any action or inaction by High River concerning the Hailwood units could include, as well as a third-party claim, a breach by High River of the contract between the parties.
The problem with plaintiffs’ position is not that their interpretation is irrational, it is that the strict standard imposed by Hooper requires more than that. For an indemnification clause to serve as an attorney’s fees provision with respect to disputes between the parties to the contract, the provision must unequivocally be meant to cover claims between the contracting parties rather than third-party claims. The quoted provision at issue here is simply not so unequivocally referable to a breach of contract claim by plaintiffs against High River. Indeed, from the language referring to costs incurred by plaintiffs as the result of any action or inaction by High River “with respect to . . . [Hailwood] or [High River]’s interests therein, including the Sale Units,” the provision can be read at least as easily in the manner suggested by High River; that is, it seems to protect plaintiffs from being subjected to costs incurred as a result of High River’s actions or inaction with respect to Hailwood, as opposed to defendant’s inaction with respect to its contractual duties to plaintiffs.
*208 Contrary to the motion court, we do not view the “proviso” at the end of section 7.10 (a) as a sufficient basis for interpreting the rest of the provision as a prevailing, party attorney’s fees provision. That parenthetical portion of the provision merely excludes from High River’s indemnification obligation claims arising out of “the entry of the parties into this Agreement or any breach by [Gotham] of any of [its] representations, warranties, covenants or agreements hereunder.” In this respect as well, we need not, and do not, find the motion court’s reasoning irrational. Rather, because the Hooper standard requires the relied-upon language to make it “unmistakably clear” that the winning side should be awarded attorney’s fees, we cannot rely upon the fact that the remainder of the provision contains no exception for a breach of the agreement by High River to mean that it must cover such a breach. The absence of that exception simply does not render the claims listed in the rest of section 7.10 (a) “unequivocally referable to claims between the parties themselves,” as required by Hooper (74 NY2d at 492).
Our conclusion is buttressed by several federal cases that have considered indemnification provisions referring to attorney’s fees without specifying that such fees would arise out of actions between the parties to the contract. In Bridgestone/ Firestone, Inc. v Recovery Credit Servs., Inc. (98 F3d 13, 21 [2d Cir 1996]), the collection agreements under consideration provided that the collection agency would
“indemnify and save [the plaintiff, BFI] harmless from any and all claims, demands or causes of action, any and all costs or expenses, including attorney fees, that may be asserted due or arising out of the Agency’s collection activity or employee dishonesty deemed contrary to prevailing guidelines on accounts referred by [BFI].”
The Second Circuit held that this language was not an unmistakably clear statement of an intention to cover an attorney’s fee award resulting from a claim between the parties for breach of contract (id.). In Sequa Corp. v Gelmin (851 F Supp 106, 110-111 [SD NY 1994]), the Southern District held that the broad indemnification provision there did not cover claims between the parties, explaining that “[i]f the claims covered refer ‘exclusively’ or ‘unequivocally’ to claims between the parties, a Court may interpret an indemnification agreement to include such claims. If not, then a court must find the agreement to be lacking evidence of the required intent.”
*209 The bottom line is that a contract provision employing the language of third-party claim indemnification may not be read broadly to encompass an award of attorney’s fees to the prevailing party based on the other party’s breach of the contract; the provision must explicitly so state. The Hooper standard requires more than merely an arguable inference of what the parties must have meant; the intention to authorize an award of fees to the prevailing party in such circumstances must be virtually inescapable.
Accordingly, the order of the Supreme Court, New York County (Eileen Bransten, J.), entered January 21, 2009, which granted plaintiffs’ motion and denied defendant’s cross motion for summary judgment on plaintiffs’ claim for attorney’s fees under the indemnification provision of the parties’ agreement, should be reversed, on the law, without costs, plaintiffs’ motion denied and defendant’s cross motion granted, and the matter remanded for further proceedings.
Mazzarelli, J.E, Acosta, DeGrasse and Manzanet-Daniels, JJ., concur.
Order, Supreme Court, New York County, entered January 21, 2009, reversed, on the law, without costs, plaintiffs’ motion denied, defendant’s cross motion granted, and the matter remanded for further proceedings.