16-432(L)
*Sparta v. DZ Bank*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February , two thousand seventeen.

PRESENT:
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
        SUSAN L. CARNEY,
                *Circuit Judges*,

_____

SPARTA COMMERCIAL SERVICES, INC.,

      *Plaintiff-Appellant-Cross-Appellee*,

        v.                   Nos. 16-432 (L) , 16-494 (XAP)

DZ BANK, AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH,

      *Defendant-Appellee-Cross-Appellant*.

_____

FOR APPELLANT:              DAN BRECHER, Scarinci & Hollenbeck LLC, New York, NY.

FOR APPELLEE:               JOHN M. CONLON (Andrew Calica, *on the brief*), Mayer Brown LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the District Court on January 20, 2016, is **AFFIRMED**.

Sparta Commercial Services, Inc. ("Sparta") appeals the dismissal of its claims, following a bench trial, for breach of the implied contract of good faith and fair dealing and negligent misrepresentation. Sparta also appeals the District Court's preclusion of its proffered expert, Gregory Gac, from testifying. DZ Bank, AG Deutsche Zentral-GenossenschaftsBank ("DZ Bank") cross-appeals from the District Court's grant of summary judgment in favor of Sparta on DZ Bank's indemnification claims. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

### I.     Sparta's Claims

Sparta first contends that, at the completion of trial, the District Court should have allowed it leave to amend its complaint to reassert a claim for negligent misrepresentation that had previously been dismissed. The District Court implicitly denied this request when it rejected Sparta's claims in its Findings of Fact and Conclusions of Law.

Federal Rule of Civil Procedure 15 provides that "[a] party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence [presented at trial] and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2). A motion to amend pursuant to Rule 15(b)(2) may properly be denied, however, when amendment would be futile. *See, e.g.*, *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962-63 (2d Cir. 1998) (per curiam). We review the denial of a Rule 15(b)(2) motion for abuse of discretion. *Id.* at 962.

The District Court had previously dismissed Sparta's negligent misrepresentation claim in part because Sparta did not make any plausible allegations of DZ Bank's negligence. *See Sparta Commercial Servs., Inc. v. DZ Bank AG Deutsche Zentral-Genossenschaftsbank*, No. 12-

2

CV-9220 (LLS), 2013 WL 4106344, at *2 (S.D.N.Y. Aug. 12, 2013). Sparta contends that the District Court wrongfully refused to allow it to amend its complaint to allege that DZ Bank committed negligent misrepresentation by failing to disclose that DZ Bank's ASG group prevailed on the bank's KRY group to grant Sparta a stop-gap thirty-day extension. Even assuming that DZ Bank would have suffered no prejudice from a belated amendment, and assuming further that Sparta did not waive its renewed claim by moving to amend long after receiving the evidence that it says supports its claim, the amendment would have been futile. The evidence presented at trial consistently showed that DZ Bank's ASG group tried to help Sparta (as that was its assigned duty at the bank) by arguing to the KRY group in support of granting a thirty-day extension of the parties' revolving credit agreement ("RCA"), to afford more time for consideration of whether to grant Sparta a one-year extension. Sparta introduced no evidence at trial that the thirty-day extension request worked to its disadvantage or was motivated by anything but support from DZ Bank. Nor was any evidence introduced suggesting that DZ Bank had acted negligently. An amendment to replead the negligent misrepresentation claim thus would have been futile, and the District Court acted well within its discretion in denying the motion to amend.

Sparta next argues that the District Court abused its discretion when it precluded Sparta's proffered banking practices expert, Gregory Gac, from testifying. We review for abuse of discretion a district court's exclusion of an expert's testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). We will reverse only if we find the court's decision was "manifestly erroneous." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 264-65 (2d Cir. 2002). "An expert's opinions that are without factual basis and are based on speculation or conjecture" should be excluded from consideration at summary judgment or trial. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). A district court properly rejects an expert's testimony when the testimony involves qualitative opinions about an area outside the expert's field of expertise, or when the expert opines on witnesses' credibility or inappropriately draws legal conclusions. *See Morse/Diesel, Inc. v. Trinity Indus., Inc.*, 67 F.3d 435, 444 (2d Cir. 2005); *DiBella v. Hopkins*, 403 F.3d 102, 121 (2d Cir. 2005).

Sparta sought to introduce Gac as an expert to testify about banking industry standards and practices with respect to communications regarding the RCA and the extension request. Gac's report makes clear that the District Court acted within its discretion in excluding him as an expert witness. His proffered report is replete with legal conclusions, inappropriate opinions on credibility, and assertions appropriate to the testimony of fact witnesses that did not depend on expert knowledge. The District Court apparently concluded that no part of the report represented appropriate expert testimony, and Sparta has not identified to us any portions for which their exclusion would have been an abuse of the District Court's discretion. We therefore affirm the District Court's exclusion of Gac's testimony.

Finally, Sparta challenges the District Court's ruling on its good faith and fair dealing claim by arguing that the court (1) did not discuss the thirty-day extension request that DZ Bank made internally without consulting Sparta; and (2) incorrectly found that Sparta would have been unable to meet its financing obligations—a precondition to the RCA—through financing from Glenn Little, Sparta's main investor. Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo. Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999). To prevail on its good faith and fair dealing claim, Sparta had to show that DZ Bank did something that had "the effect of destroying or injuring the right of [Sparta] to receive the fruits of the [parties'] contract." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 98 (2d Cir. 2007) (citation omitted).

Contrary to Sparta's contention, the District Court did address the thirty-day extension request in its Findings of Fact and Conclusions of Law. The court credited the testimony of DZ Bank's witnesses over that of Sparta's, and reasonably accepted DZ Bank's characterization of the request as a way for the ASG group to assist Sparta's efforts to obtain a one-year extension Sparta desired. The thirty-day request was therefore designed to enable Sparta to take advantage of the RCA. Accordingly, in seeking it, DZ Bank did not breach the covenant of good faith and fair dealing. The District Court did not clearly err in reaching this conclusion, nor did it err in its finding that, overall, DZ Bank never misled Sparta about its

4

prospects for obtaining an extension of the RCA, or on the progress of Sparta's requests for an extension. With respect to Little's investment, the evidence showed that regardless of whether any investment from him might have been forthcoming, Sparta never satisfied the RCA's preconditions to use before the time to do so expired. Moreover, absent documentation of any promise by Little to support Sparta and in the face of testimony from Sparta's CEO that it expected to qualify without Little's involvement, the court was entitled to be skeptical of Sparta's prospects for satisfying the preconditions. We thus find no clear error in the District Court's rejection of Sparta's claim.

## II.    DZ Bank's Claim

DZ Bank cross-appeals from the District Court's grant of summary judgment against it on its claim seeking indemnification from Sparta for the attorneys' fees and costs DZ Bank accrued in defending against Sparta's suit. Under New York law, indemnification clauses "must be strictly construed" and a promise to indemnify "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances." *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491-92 (1989); *see Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177-178 (2d Cir. 2005).

Section 11.1 of the RCA provides that Sparta will indemnify DZ Bank for amounts arising out of or as a result of the RCA that relate to, for example, "[a]ny representation or warranty made or deemed made by [Sparta]" or "[t]he failure by [Sparta] to comply with any term, provision or covenant contained in this Agreement."[1] Section 11.2 states that Sparta will indemnify DZ Bank for any amounts awarded against or incurred by DZ Bank "by reason of any acts or omissions" of Sparta, "including, but not limited to . . . (i) any representation or warranty made or deemed made by [Sparta] . . . (iii) the failure of [Sparta] to comply with its covenants under this Agreement . . . (iv) any litigation, proceedings or investigation against [Sparta]."

[1]     Section 11.1 in fact refers to a different Sparta entity than the Appellant here, though DZ Bank argues that Sparta should be estopped from trying to draw a material distinction between the two. We need not resolve the issue because we do not read the indemnification clauses to cover DZ Bank's claims.

DZ Bank argues that the broad language of these provisions—in particular, the phrase "any acts or omissions" in section 11.2—covers Sparta's act in bringing litigation against DZ Bank. We agree with the District Court that, under New York law, the indemnification clauses do not clearly enough evince the necessary intent to require Sparta to indemnify DZ Bank for the costs of any and all litigation. The District Court reached this result by concluding that DZ Bank's broad reading would render portions of the clauses superfluous. For example, subclauses 11.2(a)(i) and 11.2(a)(iii) would be unnecessary if the "any acts or omissions" language in fact covered *any* acts or omissions. Although the subclauses in section 11.2 seem designed to provide a non-exhaustive list, the examples provided in the subclauses suggest that the clauses do not cover literally *any* act or omission, but acts or omissions that are of a kind similar to the examples provided. Those examples (and the examples in section 11.1) pertain to indemnification for Sparta's *own* failures to comply with the covenants embodied in the RCA. The examples do not reflect an unmistakably clear intent to have Sparta indemnify DZ Bank for litigation that is brought by Sparta itself to prosecute DZ Bank's own perceived breaches of the RCA. Indeed, it would be perverse for a contract to include an indemnification provision that would so strongly disincentivize a potentially wronged party from bringing suit; as Sparta points out, a broad reading of the clauses would mean that Sparta would have to indemnify DZ Bank even if Sparta's claims of breach here had been found to be meritorious. Because the intention to cover the mere act of litigation is not "unmistakably clear from the language of the contract," we will not interpret the clauses to sweep the litigation costs of this suit within their ambit. *Mid-Hudson*, 418 F.3d at 177 (internal quotation marks and citation omitted).

* * *

We have considered the parties' remaining arguments on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6