*PNC Bank v. Dana Transport*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of November, two thousand twenty-four.

Present:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

PNC BANK, N.A., CATHAY BANK, BANK LEUMI, USA, BMO HARRIS BANK, N.A., HUNTINGTON NATIONAL BANK, WELLS FARGO CAPITAL FINANCE, LLC, WELLS FARGO BANK, N.A,

      *Plaintiffs-Appellees,*[*]

      v.                                      23-7272

DANA TRANSPORT, INC, RONALD B. DANA,

      *Defendants-Appellants.*

---

FOR PLAINTIFF-APPELLEES:      JAMES C. MARTIN (Robert A. Nicholas, Anne Rollins Bohnet, Joseph J. Mahady, Joshua M. Peles, *on the brief*), Reed Smith LLP,

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Pennsylvania, *for PNC Bank, N.A., Cathay Bank, Bank Leumi*

Stephen M. Dollar, Felice B, Galant, *on the brief*, Norton Rose Fulbright US LLP, New York, *for BMO Harris Bank, Huntington National Bank*

Richard Haddad, Pauline McTernan, *on the brief*, Otterbourg P.C., New York, *for Wells Fargo Bank, N.A., Wells Fargo Capital Finance, LLC*

FOR DEFENDANT-APPELLANTS:        JAN ALAN BRODY (James E. Cecchi, *on the brief*), Carella, Byrne, Cecchi, Brody & Agnello, P.C., New Jersey

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED** and **REMANDED** with instructions to dismiss.

Appellants Dana Transport, Inc. and Ronald Dana ("Dana") appeal from the district court's denial of their motion to dismiss and grant of summary judgment to Appellees PNC Bank, N.A.; Cathay Bank; Bank Leumi, USA; BMO Harris Bank, N.A.; Huntington National Bank; Wells Fargo Capital Finance, LLC; and Wells Fargo Bank, N.A ("Lenders").   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Dana and the Lenders entered into a third amended loan agreement ("TALA") in 2009. Section 16.5 of the TALA required Dana to indemnify the Lenders "from and against any and all

liabilities, . . . including, without limitation, fees and disbursements of counsel[,] which may be imposed on, incurred by, or asserted against [the Lenders] in any claim, litigation, proceeding or investigation instituted or conducted by any Governmental Body or instrumentality or any other Person." App'x at 5070. Section 1.2 defined a "Person" as "any individual, sole proprietorship, partnership, corporation, business trust, joint stock company, trust, unincorporated organization, association, limited liability company, institution, public benefit corporation, joint venture, entity or Governmental Body (whether federal, state, county, city, municipal or otherwise, including any instrumentality, division, agency, body or department thereof)." *Id.* at 4993.

In 2015, Dana sued the Lenders. Dana eventually dismissed that action voluntarily, but the Lenders accrued substantial attorney's fees defending the case. The Lenders brought this action to recoup those fees. The Lenders argue that Dana must pay the fees the Lenders accrued defending Dana's 2015 action because Section 16.5 of the TALA requires Dana to indemnify the Lenders' legal costs in "any . . . litigation . . . instituted or conducted by . . . any . . . Person." App'x at 5070.

In the district court, Dana moved to dismiss the complaint, arguing that Section 16.5 applied to litigation by or against only third parties, not *inter-party* suits. But the court rejected that argument and denied Dana's motion to dismiss. The Lenders moved for summary judgment, and Dana reiterated that Section 16.5 does not cover inter-party actions. The court remained unpersuaded and entered summary judgment for the Lenders.

"We review the district court's interpretation of [the] contract[] *de novo*." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 198 (2d Cir. 2003); *see also In re Refco Sec. Litig.*, 890 F. Supp. 2d 332, 350 (S.D.N.Y. 2012) ("[A]mbiguity on the question . . . [of] whether the indemnity

3

provision covers legal expenses in suits between the contracting parties . . . does not create a question of fact.").

On review, we conclude that the district court should have granted Dana's motion to dismiss because it is not unmistakably clear that Section 16.5 applies to inter-party suits. Under New York law, "a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them" must be "unmistakably clear." *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 492 (1989). This "exacting standard," *Sage Sys., Inc. v. Liss*, 39 N.Y.3d 27, 31 (2022), creates a "heavy burden," *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 78 (2d Cir. 2004). The Lenders must show that Section 16.5's application to inter-party actions is "virtually inescapable." *Gotham Partners, L.P. v. High River Ltd. P'ship*, 906 N.Y.S.2d 205, 209 (1st Dep't 2010).

The text of Section 16.5 does not make it obvious that the provision applies to inter-party suits. To be sure, Dana are "Persons" under the TALA, and Section 16.5 applies to "any and all" claims brought by such "Persons." But Section 16.5 applies broadly to "*any* Person," so it is not "exclusively or unequivocally referable to claims *between the parties themselves*." *Hooper Assocs., Ltd.*, 74 N.Y.2d at 492 (emphasis added); *see also Sage Sys., Inc.*, 39 N.Y.3d at 31 ("[B]road indemnification provisions . . . do not explicitly allow for the prevailing party in an action between contracting parties to collect attorney's fees."); *In re Refco*, 890 F. Supp. 2d at 343 ("[B]road language . . . will ordinarily not support a claim for indemnity in suits between the parties."). New York courts have thus held that the "any Person" language in Section 16.5 is not "unmistakably clear" about its application to inter-party actions. *See Wells Fargo Bank Nat. Ass'n v. Webster Bus. Credit Corp.*, 979 N.Y.S.2d 298, 301 (1st Dep't 2014) (holding that a nearly

4

identical indemnification provision "contemplate[d] third-party litigation against the lenders, including 'any governmental agency or instrumentality or any other Person' without 'clearly implying' that the parties intended the provision to provide for indemnification in litigation against each other").

Contextual factors add uncertainty about whether Section 16.5 covers inter-party actions. First, Section 16.5 applies to suits brought by "any Governmental Body or instrumentality or any other Person," App'x at 5070, which suggests that the provision was mainly meant to cover *third-party* actions like those brought by governmental bodies or instrumentalities. *See Sparta Com. Servs., Inc. v. DZ Bank*, 680 F. App'x 17, 21 (2d Cir. 2017) ("Although the subclauses . . . seem designed to provide a non-exhaustive list, the examples provided in the subclauses suggest that the [indemnification clause only covers actions] that are of a kind similar to the examples provided.").

Second, Section 16.5 obligates Dana to indemnify the Lenders' "liabilities"—not just their legal fees. So if the provision applied to inter-party actions, it would mean that Dana would have to indemnify the Lenders even for *damages that the Lenders caused Dana*. New York law strongly disfavors such a "perverse" result. *Sparta Com. Servs., Inc.*, 680 F. App'x at 21; *see also Metro. Life Ins. Co. v. Noble Lowndes Int'l, Inc.*, 84 N.Y.2d 430, 438 (1994) ("It is highly unlikely that two sophisticated business entities, each represented by counsel, would have agreed to such a harshly uneven allocation of economic power."). This interpretation would also make several provisions in the TALA that waive or limit the Lenders' liability to Dana superfluous. *See, e.g.*, App'x at 5009 (limiting liability arising out of the Lenders' letters of credit); *id.* at 5060-

5

61 (waiving Dana's right to notice from the Lenders); *id.* at 5075 (releasing Dana's claims against the Lenders which accrued prior to the TALA).

Other provisions of the TALA thus confirm that Section 16.5 does not "unmistakably" cover inter-party claims—as opposed to those brought by or against third-parties. Dana are not obligated to indemnify the attorney's fees the Lenders accrued defending Dana's 2015 action. So the district court should have granted Dana's motion to dismiss.

For the foregoing reasons, the judgment of the district court is **REVERSED** and the case is **REMANDED** with instructions to dismiss.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court