OPINION OF THE COURT
Simons, J.
This action is based upon a contract between plaintiff, Hooper Associates, Ltd., and defendant, AGS Computers, Inc., in which Hooper agreed to purchase computer equipment and services from defendant. Plaintiff successfully sued for breach of the contract and the question submitted to us, by leave of the Appellate Division, is whether the contract’s indemnity clause entitles plaintiff to recover counsel fees incurred in prosecuting the action against defendant also. We hold that it does not.
In 1977 the parties entered into a written contract whereby *490 defendant agreed to design, install and supply a computer for plaintiff. Three years later plaintiff commenced an action for compensatory and punitive damages claiming breach of contract, breach of express and implied warranties and fraud in the inducement. Plaintiff also asserted an indemnity claim for attorney’s fees pursuant to article 9 (A) of the contract.[1] At trial the parties agreed to sever the claim for attorney’s fees, reserving it for decision by the court after the jury had decided the remaining causes of action.
The jury held for plaintiff but found that it had suffered no damages. On plaintiff’s postverdict motion, Supreme Court awarded nominal damages of $1 plus costs on each of the three causes of action. Defendant then moved for summary judgment dismissing plaintiff’s claim for attorney’s fees. Supreme Court denied the motion and, on searching the record, granted summary judgment to plaintiff. The court found that the contract between the parties was "clear and unambiguous in its terms * * * in providing for indemnification of all claims, including reasonable attorney’s fees”. Consequently, the court found defendant’s contention that article 9 (A) related only to the defense of a third-party claim against plaintiff to be without merit.
The Appellate Division affirmed, without opinion, with Justice Milonas concurring separately on constraint of Breed, Abbott & Morgan v Hulko (139 AD2d 71), a decision subsequently affirmed by this court (see, 74 NY2d 686). It granted defendant leave to appeal on the following certified question: *491 "Was the order of the Supreme Court, as affirmed by this Court, properly made?”
Under the general rule, attorney’s fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22; City of Buffalo v Clement Co., 28 NY2d 241, 262-263).[2] It is not uncommon, however, for parties to a contract to include a promise by one party to hold the other harmless for a particular loss or damage and counsel fees are but another form of damage which may be indemnified in this way (see, e.g., Breed, Abbott & Morgan v Hulko, supra; Brooklyn Union Gas Co. v Shields Detective Bur., 121 AD2d 587, 590, appeal denied 69 NY2d 610; Rosano’s Farm Store v International Collection Serv., 115 AD2d 195, 196; Lavorato v Bethlehem Steel Corp., 91 AD2d 1184, 1185; see also, Zissu v Bear, Stearns & Co., 805 F2d 75, 79-80; Atlantic Richfield Co. v Interstate Oil Transp. Co., 784 F2d 106, 115, cert denied 479 US 817). In the contract before us the parties provided that defendant must indemnify plaintiff for "reasonable counsel fees”. They failed to define the scope of defendant’s promise, however, and thus, we must interpret the language and determine whether it is limited to attorney’s fees incurred by plaintiff in actions involving third parties or also includes those incurred in prosecuting a suit against defendant for claims under the contract.
Words in a contract are to be construed to achieve the apparent purpose of the parties. Although the words might "seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view” (Robertson v Ongley Elec. Co., 146 NY 20, 23). This is particularly true with indemnity contracts. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (Levine v Shell Oil Co., 28 NY2d 205, 211; Kurek v Port Chester Horn. Auth., 18 NY2d 450, 456). The promise should not be found unless it can be clearly implied *492 from the language and purpose of the entire agreement and the surrounding facts and circumstances (Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp., 107 AD2d 450, 452, affd for reasons stated in opn of Justice M. Dolores Denman 65 NY2d 1038; Margolin v New York Life Ins. Co., 32 NY2d 149, 153; Inman v Binghamton Hous. Auth., 3 NY2d 137, 147). Inasmuch as a promise by one party to a contract to indemnify the other for attorney’s fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney’s fees, the court should not infer a party’s intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise (see, Tokyo Tanker Co. v Etra Shipping Corp., 142 AD2d 377, 378; Carr v First Fed. Sav. & Loan Assn., 132 AD2d 513, 514).
The clause in this agreement does not contain language clearly permitting plaintiff to recover from defendant the attorney’s fees incurred in a suit against defendant. On the contrary, it is typical of those which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim. It obligates defendant to "indemnify and hold harmless [plaintiff] * * * from any and all claims, damages, liabilities, costs and expenses, including reasonable counsel fees” arising out of breach of warranty claims, the performance of any service to be performed, the installation, operation and maintenance of the computer system, infringement of patents, copyrights or trademarks and the like. All these subjects are susceptible to third-party claims for failures in the installation or operation of the system. None are exclusively or unequivocally referable to claims between the parties themselves or support an inference that defendant promised to indemnify plaintiff for counsel fees in an action on the contract.
Our interpretation also is supported by other provisions in the contract which unmistakably relate to third-party claims. Thus, article 9 (D) requires plaintiff to "promptly notify” defendant of "any claim or litigation to which the indemnity set forth in Sub-Paragraph 9 (A) shall apply” and it further provides that defendant "may assume the defense of any such claim or litigation with counsel satisfactory to [plaintiff].” To extend the indemnification clause to require defendant to reimburse plaintiff for attorney’s fees in the breach of contract action against defendant would render these provisions meaningless because the requirement of notice and assumption of *493 the defense has no logical application to a suit between the parties. Construing the indemnification clause as pertaining only to third-party suits affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect (see, Corhill Corp. v S. D. Plants, 9 NY2d 595, 599).
Plaintiff relies on our decision in Breed, Abbott & Morgan v Hulko (74 NY2d 686, supra), asserting that the Appellate Division there adopted a rule liberalizing the interpretation of indemnification clauses when a party seeks indemnification of legal expenses incurred in successfully asserting its rights under a contract (139 AD2d 71, 74-75, supra). It contends that our affirmance necessarily embraced this analysis.
In Breed, Abbott defendant Hulko contracted to purchase a home from another. Plaintiff acted as escrow agent for the parties, holding Hulko’s down payment for delivery to the seller if he defaulted. The contract contained an indemnification agreement which provided that Breed, Abbott would not be liable to either party to the sale " 'for any act or omission except for bad faith or gross negligence’ ” and that it would be indemnified and held " 'harmless from any claims, damages, losses or expenses arising in connection [^herewith.’ ” (Breed, Abbott & Morgan v Hulko, 139 AD2d 71, 72, supra.) Hulko defaulted on the contract of sale and Breed, Abbott delivered the down payment to the sellers. Hulko then sued Breed, Abbott, claiming that its release to the sellers of the escrow down payment was wrongful. Breed, Abbott prevailed and subsequently commenced an action to recover the legal expenses it incurred in defending against Hulko’s claim. The Appellate Division reversed Supreme Court’s dismissal of the complaint and we affirmed, finding that defendant Hulko had agreed to indemnify plaintiff for the legal expenses it incurred in resisting his claims (74 NY2d 686, 687, supra).
Our affirmance in Breed, Abbott did not signal any departure from settled rules. We affirmed the Appellate Division’s decision on the narrow ground that the intent of the parties was manifest: if the promise to indemnify Breed, Abbott did not extend to " 'legal expenses incurred in defending against an action by one of the parties alleging misconduct by the escrowee which resulted in a determination in favor of the escrowee’ ”, it was " 'difficult, if not impossible, to ascertain for what it was that the parties had agreed to indemnify the escrowee.’ ” (74 NY2d, at 687, quoting from 139 AD2d, at 73.)
*494 In this case, however, the potential existed for third-party actions seeking lost profits, personal injury or property damages from plaintiff due to a malfunction of the computer resulting from defendant’s improper installation or design. The indemnity clause clearly covers those circumstances and permitted plaintiff to seek indemnity from defendant for the counsel fees incurred in defending such claims.
Accordingly, the order of the Appellate Division should be reversed, with costs, defendant’s motion for summary judgment granted and the certified question answered in the negative.
Chief Judge Wachtler and Judges Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

. Article 9 (A) provides:
”9. INDEMNITY
"(A) AGS shall at all times indemnify and hold harmless HLTD [Hooper], its successors and assigns and any of its officers, directors, employees representatives, and/or agents, and their heirs, executors, administrators, successors and assigns or each of them against and from any and all claims, damages, liabilities, costs and expenses, including reasonable counsel fees arising out of:
"(i) Any breach by AGS of any express or implied warranty hereunder and any express representation or provision hereof;
"(ii) The performance of any service to be performed hereunder;
"(iii) Infringement of the patent rights, copyright or trademark (of which AGS is not the patentee or assignee or has not the lawful right to use or transfer same) of any person, firm corporation as a result of any use by HLTD, its successors and assigns and any of its officers, directors, employees, representatives, and/or agents of the system hereunder;
"(iv) The installation, operation, and maintenance of the system; or
"(v) Mechanic’s liens for labor and materials” (emphasis supplied).

. One method of providing for attorney’s fees in actions between the parties is to provide for payment as a form of liquidated damages. Such fees are enforceable if they are not unconscionable (see, Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516).