Gants, J.
The parties in this case have presented three dispositive motions for the Court’s consideration.
1. The plaintiffs, Zero Stage Capital Company, Inc., Zero Stage Capital, LLC, and Zero Stage Capital G.P. VII, Inc. (collectively, “Zero Stage”), have moved to dismiss Counts IV and V of the counterclaim brought by defendant Deutsche Bank Alex. Brown, Inc. (“Deutsche Bank”).[1] Both of these counts essentially seek a declaration that, under Section 4 of the March 16, 2000 Letter Agreement between Deutsche Bank and Zero Stage (“the Letter Agreement”), Zero Stage is barred from recovering from Deutsche Bank on any claim related to the Letter Agreement unless it establishes gross negligence or willful misconduct, and must indemnify Deutsche Bank for all attorneys fees and costs expended in defending itself in litigation unless gross negligence or willful misconduct is found. Zero Stage contends that, viewing the Letter Agreement as a whole, Section 4 does not apply to law suits brought by Zero Stage against Deutsche Bank, but applies only to suits brought or threatened by third parties.
2. The third-party defendant, Zero Stage Capital VII, L.P., which is the venture capital fund that Zero Stage was establishing with Deutsche Bank’s assistance (“the Fund”), has moved to dismiss Counts I and III of the third-party complaint, both of which seek indemnification from the Fund under Section 4 of the Letter Agreement. The Fund contends that it was not a party to the Letter Agreement (indeed, had not yet even been created), and therefore cannot be bound by the terms of that Letter Agreement.
3. Deutsche Bank has moved for judgment on the pleadings as to all counts in the complaint, contending that Section 4 of the Letter Agreement permits a finding of liability against Deutsche Bank only based on a finding of gross negligence or willful misconduct, neither of which is alleged in the complaint.
After hearing, for the reasons stated below, all three of these motions are DENIED.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations of the complaint and all reasonable inferences favorable to the complaining party which can be drawn from those allegations. Fairneny v. Savogran, 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The issue is whether the facts alleged, generously construed in favor of the complaining party, state a valid legal claim that would warrant relief on any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Pragmatically, all three of these motions rest on the same premise — that the Letter Agreement is sufficiently clear on its face that this Court may render judgment upon its terms without hearing any parol evidence as to the circumstances surrounding the Agreement, the negotiations that led to the Agreement, or the conduct of the parties with respect to the Agreement. This Court simply does not accept that premise. The Letter Agreement, especially Section 4, is an amalgam of the type of dense boilerplate that give lawyers a bad name. It does not declare in plain language that its provisions limiting Deutsche Bank’s liability and providing for indemnification apply only to third parties, not to Zero Stage. Nor does it bluntly declare to Zero Stage that it may sue Deutsche Bank with regard to its conduct concerning the Letter Agreement only for gross negligence and willful misconduct, and must pay Deutsche Bank’s legal fees if it alleges gross negligence and willful misconduct but fails to prove it. This Court indeed will eventually need to parse the dense language of this Letter Agreement and interpret its meaning, but it would rather do so on summary judgment, where it may consider whatever parol evidence may be presented that may shed light on the actual intent and understanding of the parties to this Agreement.
This Court is mindful that New York law governs this contract, and that this Court therefore must be guided by the principles of contract interpretation applied by the New York courts. Zero Stage contends that, under Hooper Associates, Ltd. v. AGS Computers, Inc., the New York Court of Appeals (New York’s highest court) has declared that a court should not infer a party’s intention to indemnify the other for attorneys fees “unless the intention to do so is unmistakably clear from the language of the promise.” 74 N.Y.2d 487, 492, 548 N.E.2d 903, 905 (1989). From this language, Zero Stage essentially argues that, unless it is crystal clear from the four corners of the Letter Agreement that it must indemnify Deutsche Bank, a court under New York law may not interpret the Agreement to provide for indemnification. The language relied upon by Zero Stage, however, must be *154 considered in light of the language that immediately precedes it in Hooper-.
When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed . . . The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances.
Hooper, 74 N.Y.2d at 491-92, 548 N.E.2d at 905. In short, this Court is not persuaded that New York law bars the consideration of parol evidence as to issues of indemnification; rather, it simply places a strong burden on the party claiming indemnification to establish that the parties intended such indemnification. Parol evidence as to the “purpose of the entire agreement and the surrounding facts and circumstances" may be considered in making that determination. Consequently, even if contractual provisions, as here, limiting the scope of liability were to be interpreted in the same strict fashion as provisions governing indemnification, this Court may still consider parol evidence in determining whether Zero Stage knew or plainly should have known that:
the Letter Agreement limited the grounds on which it could sue Deutsche Bank to gross negligence and willful misconduct, and
required Zero Stage to indemnify Deutsche Bank for its attorneys fees in such litigation unless Zero Stage prevailed in proving either gross negligence or willful misconduct.
This Court shall deny the Fund’s motion to dismiss on a slightly different ground. The Fund plainly did not exist at the time of the Letter Agreement and was not a party to the Agreement, but it is equally plain that its creation was specifically contemplated by the Agreement and that Zero Stage accepted obligations under the Agreement on behalf of the Fund it would soon create. Deutsche Bank contends that, by its conduct, the Fund became a party to the Letter Agreement and subject to its obligations by ratification and acceptance of the benefits of that Agreement. A theory of ratification and acceptance of benefits is inherently fact-bound and not subject to resolution in a motion to dismiss.
ORDER
For the reasons stated above, this Court hereby ORDERS that the motions to dismiss and for judgment on the pleadings are DENIED.

The motion actually seeks dismissal of Counts IV and VI, but the counterclaim only has five counts. The declaratory judgment counterclaim that the plaintiffs seek to dismiss is Count V, not Count VI. -