■ THE HARTZ CONSUMER GROUP, INC. et al., Respondents, v JWC HARTZ HOLDINGS, INC. et al., Appellants. [824 NYS2d 227]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered November 9, 2005, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment dismissing defendants' first counterclaim for indemnification, unanimously affirmed, with costs.

The indemnification clause at issue, which is subject to a heightened scrutiny, does not establish an unmistakable intent by the parties to provide for indemnification of defendants under these circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]). Specifically, defendant buyers of The Hartz Mountain Corporation were aware of a significant potential issue involving a flea capsule product sold by the company that faced significant competition from a newer product, a topical flea killer, marketed by the company. Although they knew of the potential decrease in the demand for and sales of the flea

capsule, they did not seek any written assurances in the stock purchase agreement from plaintiff sellers regarding demand for the product. The fact that demand and sales decreased does not demonstrate any breach of obligation, warranty or representation made by plaintiffs in the stock purchase agreement that would trigger the indemnification clause. Accordingly, that portion of defendants' counterclaim for damages allegedly arising out of lost sales of flea capsules and returns of flea capsule inventory it voluntarily accepted were properly dismissed.

That portion of the counterclaim seeking damages for allegedly defective flea capsules in the company's inventory at the time of the sale was likewise properly dismissed. Pursuant to the stock purchase agreement, plaintiffs represented that "[s]ubstantially all inventories of raw materials . . . are usable." The amount of allegedly defective capsules—less than 3%—is minimal in comparison to the amount of inventory the company had at the time of the sale, and thus does not conflict with the "substantially all" warranty.

With regard to that part of the counterclaim involving return of inventory from the Food Lion supermarket chain, one of the company's largest retailers, there is no assertion that the authorization of returns prior to the closing without disclosure to defendants violated any provision of the stock purchase agreement. Accordingly, this portion of the counterclaim was also properly dismissed. Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.