. ■ POLAR INTERNATIONAL BROKERAGE CORP. et al., Respondents, v BENJAMIN S. RICHMAN et al., Defendants, and ASSOCIATED FINANCIAL CORPORATION et al., Appellants. [901 NYS2d 153]—

Order, Supreme Court, New York County (Bernard Fried, J.), entered January 20, 2009, which denied defendants-appellants' motion seeking reimbursement from plaintiff of their attorneys' fees and costs in this action, unanimously affirmed, with costs.

In a prior appeal, we held that the instant action, seeking restitution for amounts paid by plaintiffs to resolve claims brought against them in federal district court, Louisiana, arising out of the administration of insurance proceeds for certain property damaged by Hurricane Andrew in 1992, is barred by a stipulation and release (SAR) entered into by the parties in a subsequent action in federal district court, New York, involving the same claims (32 AD3d 717 [2006], *lv denied* 12 NY3d 714 [2009]). Thereafter, appellants made the motion at issue seeking attorneys' fees pursuant to paragraph III.G of the SAR, which provides that "[t]he parties agree that the United States District Court for the Southern District of New York shall be the exclusive venue for the resolution of any claim arising out of or related to this Agreement. In any *such proceeding to enforce this Agreement*, in whole or part, the prevailing Party shall be awarded its actual costs and attorneys' fees" (emphasis added). The court properly concluded that the two sentences must be read together and that the agreement only provides for attorneys' fees in an action brought in the federal district court for the Southern District of New York. Any other interpretation would render meaningless the word "such" in the second sentence (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396 [1984]).

We reject appellants' argument that, by bringing the instant action in state court, plaintiffs waived their right to object to the claim for attorneys' fees. This is not an action to enforce the SAR, and while appellants successfully raised the SAR as a defense, plaintiffs cannot be said to have waived the limitation imposed on the prevailing party clause (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). Concur—Saxe, J.P., Catterson, Moskowitz, Freedman and Román, JJ.