10-3835-cv (L)
Owens-Illinois, Inc. v. BTR, plc,

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
              AMALYA L. KEARSE,
              JOSEPH M. McLAUGHLIN,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
OWENS-ILLINOIS, INC.,
          Plaintiff-Appellant-
          Cross Appellee,

          -v.-                                    10-3835-cv (Lead)
                                                  10-4026-cv (XAP)
BTR, PLC,
          Defendant-Appellee-
          Cross Appellant.

- - - - - - - - - - - - - - - - - - - -

FOR APPELLANT:          DOUGLAS A. FREEDMAN (Nicholas J. Siciliano, *on the brief*), Latham & Watkins LLP, Chicago, Ill.

1

**FOR APPELLEE:**                    BARRY G. SHER (Stephen B. Kinnaird, Rebecca K. Myers, Laura K. Isenberg, Paul Hastings LLP, New York, N.Y., George L. Graff, Briarcliff Manor, N.Y., *on the brief*), Paul Hastings LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Owens-Illinois, Inc. appeals from a judgment of the United States District Court for the Southern District of New York (Stanton, <u>J.</u>), granting defendant BTR, plc's motion for summary judgment. Owens's suit sought to recover losses that it incurred--as a result of an intellectual property dispute with a competitor--through an indemnification provision contained in a purchase agreement between it and BTR. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 1998, Owens bought a group of food and beverage packaging companies from BTR for $3.6 billion. Prior to the purchase, Owens was made aware of a promising new product being developed by one of the companies it was purchasing, Continental PET Technologies, Inc., better known by the acronym CPET. The product, "CPTX-312," permitted CPET to produce a plastic bottle that was safe for beer packaging (other plastic containers permitted too much oxygen to get into the beer) and was an improvement for the packaging of juices and ketchup.

In the Share Disposition Agreement ("SDA") that effected the Owens-BTR sale, BTR warranted that it owned or had licenses to all the intellectual property necessary to operate CPET "as currently conducted":

> With respect to Intellectual Property, the Packaging Companies own, or possess licenses or other valid rights to use, all Intellectual Property necessary to operate the Packaging Business as currently conducted.

Joint Appendix ("JA") 162.  BTR promised to indemnify Owens for any losses, above a stated deductible amount, suffered by Owens "relating to arising out of" any breach of its representations and warranties:

> Seller hereby agrees that it shall, or shall cause the Selling Companies to, indemnify, defend and hold harmless Purchaser and its Affiliates . . . against and in respect of any actual Losses imposed on, sustained, incurred or suffered by any of the Purchaser Indemnified Parties relating to or arising out of (i) any breach of any representation or warranty made by Seller contained in this Agreement . . . .

JA 245.

In the fourth quarter of 1998--roughly six months after the Owens-BTR sale was complete--CPET began selling products containing CPTX-312.  A competitor soon sued CPET, alleging that CPTX-312 infringed one of its patents.  Five years later, CPET settled the infringement case.  It then filed this lawsuit, alleging that BTR breached its warranty that it possessed the intellectual property necessary to operate CPET at the time of sale.

A key limitation of BTR's intellectual-property warranty was that it only extended to operations of CPET "as currently conducted."  It is undisputed that its current operations at the time of the SDA did not include selling or manufacturing them for sale.  On appeal, Owens relies principally on the fact that, prior to the closing of the SDA, CPET had manufactured about 150 bottles containing CPTX-312 for research and development.  The act of making these bottles without a license, according to Owens, necessarily infringed the competitor's patent, and therefore was a breach of BTR's warranty that it had all the necessary intellectual property to operate its business.  See 35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, . . . infringes the patent.").

However, even assuming for purposes of this appeal that CPET's pre-sale research and development of CPTX-312 (including manufacturing a limited number of bottles) did technically infringe the competitor's patent, the SDA still does not require BTR to indemnify Owens for losses related

3

to the post-acquisition sale and marketing of *billions* of CPTX-312 bottles.

Of course, in a very abstract way, the fact that CPET had not obtained a license to research and develop CPTX-312 "relates" to the fact that it did not acquire a license to sell them before proceeding to do so.  While the phrase "relates to" is undoubtedly broad, <u>see</u> <u>Coregis Ins. Co. v. Am. Health Foundation, Inc.</u>, 241 F.3d 123, 129 (2d Cir. 2001), it would be a mistake to allow the phrase to "extend to the furthest stretch of its indeterminancy," <u>N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 655 (1995).  Rather, a court must strive to read the provisions of the SDA "together as a harmonious whole," <u>Kinek v. Paramount Commc'ns, Inc.</u>, 22 F.3d 503, 509 (2d Cir. 1994), giving effect both to the limitation in the warranty (i.e., business "as currently conducted") and to the indemnity provision.  Applying these principles, the losses suffered by Owens as a result of the post-acquisition sale and marketing of CPTX-312 neither "arise out of" nor "relate to" BTR's breach of its promise that it had the necessary intellectual property (only) to research and develop CPTX-312.  The interpretation urged by Owens would read the "as currently conducted" limitation out of the SDA.  It would also violate the principle that indemnity provisions are construed narrowly.  <u>See</u> <u>Hooper Assocs., Ltd. v. AGS Computers, Inc.</u>, 74 N.Y.2d 487, 491 (1989).

Finding no merit in Owens's remaining arguments, we hereby **AFFIRM** the judgment of the district court.  Because we affirm based on the plain language of the SDA, we need not address the alternative grounds for affirming raised in BTR's cross appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4