■ REVMAN INTERNATIONAL INC., Appellant, v CIT GROUP/ COMMERCIAL SERVICES, INC., Respondent. [944 NYS2d 881]—Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 6, 2012, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

The duty to indemnify plaintiff for its attorneys' fees cannot be implied from the agreement, the purpose of which was to provide plaintiff with liquidity (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]; *Ayala v Lockheed Martin Corp.*, 22 AD3d 394 [2005]). Contrary to plaintiff's contention, the parties' stipulation did not constitute an admission by defendant of any obligation to pay for the defense costs incurred by plaintiff in the adversary proceeding. In the absence of any duty, it is unnecessary to decide whether defendant was absolved of that duty because of plaintiff's alleged breach of the factoring agreement.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.