The indemnification clause at issue here clearly and unambiguously makes third-party defendant Triton’s indemnification of Kontos conditioned upon Triton’s use of a broker other than Corcoran. Thus, Triton promised that if it violated the contract by dealing with another broker and that broker sued Kontos, Triton would indemnify Kontos for the cost of defending such suit. With regard to indemnification, the sales contract promised that, and nothing more, and this Court rejects Kontos’ attempt to read into the clause a duty by Triton to otherwise indemnify Kontos (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). Moreover, neither Kontos’ conclusory allegations in his complaint nor parol evidence may be used to alter the plain meaning of the contract (WWW Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]; Harvey v Greenberg, 82 AD3d 683 [1st Dept 2011]). Concur — Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.