■ COVENTRY REAL ESTATE ADVISORS, L.L.C., et al., Appellants-Respondents, v DDR CORP., Formerly Known as DEVELOPERS DIVERSIFIED REALTY CORPORATION, et al., Respondents-Appellants. [988 NYS2d 583]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 19, 2013, which, to the extent appealed from as limited by the briefs, granted, among other things, summary judgment dismissing the third, sixth and seventh causes of action in their entirety, and the fourth cause of action in part, unanimously modified, on the law, to reinstate that part of plaintiffs' fourth cause of action based on claims for breach of the management agreements for failure to provide proper narrative leasing reports, and otherwise affirmed, without costs.

The sixth and seventh causes of action for fraudulent inducement and negligent misrepresentation were properly dismissed. As in the related Ohio action, plaintiffs' evidence as to defendants' conduct can support, at most, claims for breach of contract and not claims based in fraud (*see Albemarle Theatre v Bayberry Realty Corp.*, 27 AD2d 172, 176 [1st Dept 1967]).

The court properly rejected defendants' argument that the breach of contract claims should be dismissed in their entirety based on the indemnification provision in the parties' agreement. Defendants did not establish that the indemnification provision satisfied the exacting standard of language "exclusively or unequivocally referable to claims between the parties themselves" as opposed to third-party claims only (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]; *Gate Five, LLC v Knowles-Carter*, 100 AD3d 416 [1st Dept 2012]).

The court properly dismissed the third cause of action for

breach of development agreements and some parts of the fourth cause of action for breach of management and leasing agreements based on the finding that they were supported by conclusory allegations and lacked record support to show a material issue of fact. The court, however, erred to the extent it dismissed the fourth cause of action insofar as it alleged defendants' breach of their duty to provide proper narrative leasing reports, since defendants failed to make a prima facie case that the reports they provided were sufficient pursuant to the agreements.

Finally, the breach of contract claims against defendants with respect to the Bloomfield Park Property were properly dismissed based on the rulings in the related Michigan action, which rejected a derivative claim alleging such breaches that was brought on behalf of the property owner plaintiff who is the real party in interest for the contract claims in this action. Concur—Mazzarelli, J.P., Friedman, Saxe and Feinman, JJ.