DEUTSCHE BANK TRUST COMPANY AMERICAS, Plaintiff–Counter–Defendant–Appellee,

v.

SERENGETI OPPORTUNITIES MM LP, Serengeti Lycaon MM LP, Defendants–Cross–Claimants–Counter–Claimants–Cross–Defendants–Appellants–Cross–Appellees,

v.

American General Life Insurance Company, Defendant–Cross–Defendant–Cross–Claimant–Appellee–Cross–Appellant,

Depository Trust Company, as legal owner or holder of Notes under the Trust Deed dated as of February 26, 2003, among Northlake CDO I Limited, as Issuer, Northlake CDO I Corporation, as Co-Issuer, and Deutsche Bank Trust Company Americas, as Trustee, Northlake CDO I Limited, Northlake CDO I Corporation, Does 1 through 100, owners of beneficial in-

terests in Notes under the Trust Deed, Does 101 through 200, owners of beneficial interests in Preferred Shares under the Trust Deed, Defendants.*

No. 16-3657-cv(L), 16-3806-cv(XAP)

United States Court of Appeals, Second Circuit.

December 22, 2017

For Appellants–Cross–Appellees Serengeti Opportunities MM LP, Serengeti Lycaon MM LP: MICHAEL HANIN (Henry Brownstein, Kasowitz, Benson, Torres & Friedman LLP, Washington, DC, on the brief), Kasowitz, Benson, Torres & Friedman LLP, New York, NY.

For Appellee–Cross–Appellant American General Life Insurance Company: HOWARD R. HAWKINS, JR. (Ellen M. Halstead, Joshua P. Arnold, on the brief), Cadwalader, Wickersham & Taft LLP, New York, NY.

PRESENT: GUIDO CALABRESI, RAYMOND J. LOHIER, JR., Circuit Judges, EDWARD R. KORMAN, District Judge.**

### SUMMARY ORDER

Serengeti Opportunities MM LP and Serengeti Lycaon MM LP (collectively, "Serengeti") appeal from a judgment of the District Court (Woods, J.) denying their motion for judgment on the pleadings and granting American General Life Insurance Company's ("AGL") motion for

---

* The Clerk of Court is directed to amend the official caption as set forth above.

** Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

judgment on the pleadings. AGL, the prevailing party, cross-appeals from the District Court's denial of its claim for attorneys' fees under English law. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

After an independent review of the record (including the transaction documents, notes, and offering memorandum), we affirm the District Court's resolution of the payment priority issue under New York and English law for substantially the reasons stated by the District Court in its memorandum opinion and order of September 30, 2016.

As to AGL's cross-appeal, we discern no error in the District Court's determination that New York's prohibition on attorney fee shifting applies in this case rather than the English rule that generally entitles a prevailing party to recover its attorneys' fees. The Security Agreement includes a choice-of-law provision stating that the Agreement shall be governed by New York law, except for two provisions concerning priority of payments and subordination that are governed by English law. As a matter of public policy, New York prohibits courts from inferring that parties have agreed to attorney fee shifting "unless the intention to do so is unmistakably clear from the language" of the contract. Hooper Assocs., Ltd. v. AGS Computs., Inc., 74 N.Y.2d 487, 492, 549 N.Y.S.2d 365, 548 N.E.2d 903 (1989). Here, the Security Agreement's designation of English law to govern two contractual provisions that are unrelated to attorney fee shifting, without more, does not demonstrate with sufficient clarity that the parties intended to permit attorney fee shifting in this case. As a result, New York's prohibition on attorney fee shifting applies—a prohibition that reflects New York's "fundamental legislative

policy decision that . . . it is undesirable to discourage submission of grievances to judicial determination" in New York. Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 22, 416 N.Y.S.2d 559, 389 N.E.2d 1080 (1979) (emphasis added). Accordingly, we affirm the District Court's decision to deny AGL's claim for attorneys' fees.

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.