Lulgjuraj v Brown Harris Stevens Residential Mgt. LLC (2020 NY Slip Op 04006)





Lulgjuraj v Brown Harris Stevens Residential Mgt. LLC


2020 NY Slip Op 04006


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


11848 153643/14

[*1] Gjon Lulgjuraj, Plaintiff,
v
Brown Harris Stevens Residential Management LLC, Defendant-Appellant, Centennial Elevator Industries, Inc., Defendant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Joseph P. Wodarski of counsel), for appellant.
Gottlieb Siegel & Schwartz, LLP, New York (Gabriel R. Blum of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered June 25, 2019, which to the extent appealed from, denied the branch of defendant Brown Harris's motion for summary judgment seeking dismissal of codefendant Centennial Elevator's cross claims for contractual indemnification and contribution, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff, who worked as a building porter, commenced this action against Centennial Elevator, the owner's elevator maintenance company, and Brown Harris, the building manager. Upon granting Brown Harris's motion for summary judgment dismissing plaintiff's claims against it, the court should also have dismissed all of Centennial's cross claims against Brown Harris. The contractual indemnification cross claim should have been dismissed because there is no agreement or contractual language requiring Brown Harris to indemnify Centennial (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). The cross claim for contribution is also unavailing. Plaintiff's negligence claims against Brown Harris were dismissed based on findings that it did not owe plaintiff any duty of care and did not have complete and exclusive control over building maintenance, and there is no other basis for finding that Brown Harris breached a duty owing to either plaintiff or to Centennial. Accordingly, there is no basis for Centennial to seek contribution from Brown Harris (see Casey v New York El. & Elec. Corp., 107 AD3d 597, 599 [1st Dept 2013]; see generally CPLR 1401; Trump Vil. Section 3 v
New York State Hous. Fin. Agency, 307 AD2d 891, 896-897 [1st Dept 2003], lv denied 1 NY3d 504 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK