Shatz v Chertok (2020 NY Slip Op 06369)





Shatz v Chertok


2020 NY Slip Op 06369


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 655620/18 Appeal No. 12282 Case No. 2019-05123 

[*1]Daniel Shatz, etc., Plaintiff-Respondent,
v
Douglas Chertok et al., Defendants-Appellants, Vast Ventures LP, et al., Defendants, Vast Ventures VI LLC, Nominal Defendant.


Douglas M. Chertok, New York, for appellants.
Gibbons P.C., New York (Daniel S. Weinberger of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered November 1, 2019, which granted plaintiff's motion to dismiss defendants' counterclaim seeking indemnification and the advancement of legal fees, unanimously affirmed, with costs.
The motion court properly dismissed defendants' counterclaim for the indemnification and advancement of legal fees as barred by the clear terms of section 14.7 of the operating agreement (Hooper Assoc. v AGS Computers, 74 NY2d 487, 493 [1989]). In order for an indemnification clause to apply to claims between the contracting parties rather than to third-party actions, "its language must unequivocally reflect that intent" (Gotham Partners, L.P. v High Riv. Ltd. Partnership, 76 AD3d 203, 206 [1st Dept 2010], lv denied 17 NY3d 713 [2011]). Here, although section 11.1 of the operating agreement provided for indemnification "to the fullest extent permitted by the [LLC] Act and by law," there is no indication that it was intended to apply to suits between members or among members of the LLC. By contrast, section 14.7 expressly states that "[i]n the event of litigation among the Members, Managing Member, or between a Member or Members, Managing Member and the LLC, arising out of or relating to this Agreement, each party shall bear its own legal fees and any related expenses."
Contrary to defendants' contention, the express language that "each party bear its own legal fees and any related expenses" applies with equal weight to both defendants, as the section does not apply solely to "Members" but to "each party" to a suit "among . . . or between" a member or members, and thus, as in Hooper, the agreement does not contain language "clearly permitting" either defendant to recover attorneys' fees in this action (Hooper, 74 NY2d at 492). Although defendants insist that the court should not have dismissed the counterclaim to the extent it requested advancement of fees under section 11.1(c), rather than indemnification under section 11.1(a), this argument, too,
fails to overcome the express language under section 14.7, which requires "each party" to an action between members to bear their own legal expenses.
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020