Needham & Co., LLC v UPHealth Holdings, Inc. (2023 NY Slip Op 00376)

Needham & Co., LLC v UPHealth Holdings, Inc.

2023 NY Slip Op 00376

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Index No. 655331/21 Appeal No. 17189 Case No. 2022-01422 

[*1]Needham & Company, LLC, Plaintiff-Appellant,
v
UPHealth Holdings, Inc., et al., Defendants-Respondents.

Pillsbury Winthrop Shaw Pittman LLP, New York (Edward Flanders of counsel), for appellant.
Simon Lesser PC, New York (Leonard F. Lesser of counsel), and Husch Blackwell LLP, Chicago, IL (Scott J. Helfand of the bar of the State of Wisconsin, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Margaret Chan, J.), entered February 28, 2020, which granted defendants' motion to dismiss the second cause of action, unanimously affirmed, without costs.
Plaintiff failed to state a claim for breach of an agreement to indemnify and reimburse attorney's fees, as the documentary evidence — that is, the agreement itself —conclusively establishes a defense to that claim (CPLR 3211[a][1]). When a party is not under any legal duty to indemnify, a contract imposing an obligation to indemnify "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). Thus, the intention to indemnify must be "unmistakably clear from the language of the promise" (id. at 492).
Here, the indemnification clause in the contract between plaintiff and defendant UpHealth Services, Inc. does not explicitly require UpHealth Services to indemnify plaintiff for expenses arising out of UpHealth Services's breach. Rather, the contract requires the indemnitee (plaintiff) to give the indemnitor (UpHealth Services) notice of any action for which it seeks indemnification, and permits the indemnitor to assume the indemnitee's defense. In light of this language in the indemnification clause, the contract does not meet the requirements of Hooper Associates, as it does not make "unmistakably clear" that the parties intended UpHealth Services to indemnify plaintiff for attorney's fees incurred in litigation between them (id.). This conclusion holds particularly true because the language providing for notice and assumption of the defense would make little sense in an intraparty claim, which is the type of claim at issue here (see id. at 492-493).
The cases that plaintiff cites do not compel reversal of Supreme Court's order. Those cases either predate Hooper Associates (see Breed, Abbott & Morgan v Hulko, 139 AD2d 71 [1st Dept 1988], affd 74 NY2d 686 [1989]), or are distinguishable because of the specific language of the contracts at issue (see e.g. Shah v 20 E. 64th St., LLC, 198 AD3d 23, 41-42 [1st Dept 2021]; Crossroads ABL, LLC v Canaras Capital Mgt., LLC, 35 Misc 3d 1238[A], 2012 NY Slip Op 51042[U], *1 [Sup Ct, NY County 2012], affd 105 AD3d 645 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023