Brathwaite v Francois (2023 NY Slip Op 02171)

Brathwaite v Francois

2023 NY Slip Op 02171

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., Moulton, González, Higgitt, JJ. 

Index No. 654162/20 Appeal No. 123 Case No. 2022-03560 

[*1]Paul Brathwaite et al., Plaintiffs-Respondents,
v
Shaun Francois, etc., et al., Defendants-Appellants.

Roger V. Archibald, PLLC, Brooklyn (Roger V. Archibald of counsel), for appellants.
Advocates For Justice, Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about July 20, 2022, which granted plaintiffs' motion for an award of reasonable attorney's fees in the principal sum of $62,310.00 plus costs in the sum of $395.00, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiffs brought this action to stay an election by defendants. The motion court granted a temporary stay, and the parties ultimately reached an agreement on how to proceed with the election, documented in an order. Plaintiffs now seek an award for attorney's fees.
"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). Here, there is no written agreement for payment of attorney's fees between the parties, no applicable statutory provision, or any court rule authorizing such award. Rather, plaintiffs argue that fees should be awarded because of the substantial benefit other union members received from this litigation (see Seinfeld v Robinson, 246 AD2d 291 [1st Dept 1998]; see also Ital Assoc. v Axon, 167 AD3d 537, 538 [1st Dept 2018]). We disagree with plaintiffs, as each of the alleged acquired benefits were provided to the members of Local 372 without the need for filing a lawsuit since the constitutions and election code provided plaintiffs with internal administrative remedies (see Matter of Noe v Local 983, 213 AD3d 460, 460 [1st Dept 2023]). Moreover, considering the COVID-19 pandemic, defendants have not violated any of the constitutional or election code provisions related to the conduct of the election.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023