Madison Hospitality Mgt. LLC v Acacia Network Hous., Inc. (2024 NY Slip Op 04605)

Madison Hospitality Mgt. LLC v Acacia Network Hous., Inc.

2024 NY Slip Op 04605

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 656639/20, 595806/21 Appeal No. 2634 Case No. 2023-04995 

[*1]Madison Hospitality Management LLC, Plaintiff, Mave Hotel Investors LLC, Plaintiff-Appellant,
v
Acacia Network Housing, Inc., Defendant-Respondent. Acacia Network Housing, Inc., Third-Party Plaintiff-Respondent,

Law Office of Robert M. Kaplan, White Plains (Robert M. Kaplan of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about September 21, 2023, which, insofar as appealed from as limited by the briefs, granted defendant Acacia Network Housing, Inc.'s motion for summary judgment dismissing the fourth and seventh causes of action and denied plaintiff Mave Hotel Investors LLC's motion for partial summary judgment on its fourth, seventh, and eighth causes of action, unanimously affirmed, with costs.
Plaintiff's seventh cause of action seeking indemnification for the cost of repairs to its hotel was properly dismissed. Indemnification provisions are strictly construed and a promise to indemnify "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Hooper Assoc., Ltd. v AGS Computers, 74 NY2d 487, 491-492 [1989]). Here, the indemnification provision is broad on its face but must be read in conjunction with the rest of the subject memorandum of understanding, including the property damage provision, which sets forth a specific and distinct standard and process for reimbursement of repair costs. To allow plaintiff to recover for property damage repairs under the indemnification provision would render the damages provision meaningless (see generally Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]; Teliman Holding Corp. v VCW Assoc., 211 AD3d 499, 500 [1st Dept 2022]). Plaintiff's argument that the damages provision is unenforceable and should thus be severed, leaving the indemnification provision to govern, is unavailing.
Plaintiff's fourth cause of action seeking indemnification for lost revenue was also properly dismissed insofar as it is not clear that lost profits damages were contemplated by the parties or even directly caused by the alleged breach (see generally Ashland Mgt. v Janien, 82 NY2d 395, 403-404 [1993]). It was ultimately plaintiff's obligation to make repairs, regardless of whether defendant paid for those repairs. It was thus not foreseeable that plaintiff would not make needed repairs, allow the damaged rooms to sit empty, and then charge the lost revenue from such rooms to defendant.
Issues of fact preclude summary judgment on plaintiff's eighth cause of action for account stated (see generally Aronson Mayefsky & Sloan, LLP v Praeger, 228 AD3d 182 [1st Dept 2024]). While plaintiff submitted evidence that defendant retained its invoices without objection, defendant submitted evidence sufficient to create an issue of fact on this point, namely its representative's testimony that she objected to every invoice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024