Hunnewell Partners (BVI) Ltd. v Deloitte Transactions & Business Analytics LLP (2025 NY Slip Op 03014)

Hunnewell Partners (BVI) Ltd. v Deloitte Transactions & Business Analytics LLP

2025 NY Slip Op 03014

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 652259/22|Appeal No. 4389|Case No. 2024-03819|

[*1]Hunnewell Partners (BVI) Limited, Plaintiff-Respondent, Park Street (GP) Limited, Plaintiff,
v
Deloitte Transactions and Business Analytics LLP, Defendant-Appellant.

McDermott Will & Emery, New York (Timothy E. Hoeffner of counsel), for appellant.
MoloLamken LLP, New York (Steven F. Molo of counsel), for respondent.

Amended order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about June 7, 2024, which, to the extent appealed from, granted the motion of plaintiff Hunnewell Partners (BVI) Limited to dismiss defendant Deloitte Transactions and Business Analytics LLP's counterclaim for contractual indemnification, unanimously reversed, on the law, with costs, and the counterclaim reinstated.
Plaintiff Hunnewell and nonparty BILI Management (Jersey) Limited retained defendant Deloitte to independently determine the value of certain real properties and assets. The Engagement Letter contains a provision limiting Deloitte's liability to Hunnewell and BILI for any claims "relating to this engagement" to the amount of its fees, unless it acted with gross negligence, in bad faith, or engaged in intentional misconduct, as well as requiring Hunnewell and BILI to indemnify Deloitte against all such claims, except to the extent resulting from its gross negligence, bad faith, or intentional misconduct.
Plaintiffs Hunnewell and Park Street (GP) Limited commenced this action alleging that Deloitte failed to properly perform the valuation, resulting in Park Street receiving less compensation than otherwise owed under a separate contract with the owners of the assets.
The parties do not dispute that Deloitte cannot seek contractual indemnification as to claims brought against it by Hunnewell because the Engagement Letter does not unmistakably require indemnification of claims brought by a party to the contract (see Hooper Assoc. v AGS Computers , 74 NY2d 487, 491-492 [1989]). However, that rationale does not apply to preclude Deloitte from seeking indemnification as to the claims brought against it by Park Street, as a third-party beneficiary of the Engagement Letter, because Park Street is not a signatory or party to that agreement (see In re Refco Securities Litigation , 890 F Supp 2d 332, 340-342 [SD NY 2012]; see also LaSalle Natl. Bank v Ernst & Young , 285 AD2d 101, 108-109 [1st Dept 2001]).
Construing the indemnification provision to exclude third-party claims as well as intra-party claims would otherwise render the indemnification clause meaningless (Hooper , 74 NY2d at 493). Had Hunnewell intended to exclude certain third-party claims from indemnity, it could have negotiated for that exclusion (id. ).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025