Fixy 33 LLC v Deutsch (2025 NY Slip Op 51045(U))

[*1]

Fixy 33 LLC v Deutsch

2025 NY Slip Op 51045(U)

Decided on June 26, 2025

Supreme Court, New York County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2025
Supreme Court, New York County

Fixy 33 LLC, Plaintiff,

against
Joseph Y. Deutsch, Defendant.

Index No. 654400/2023

Ashlee Crawford, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 81, 82, 83, 84 were read on this motion to/for ATTORNEY - FEES.
Plaintiff Fixy 33 LLC moves for an order granting a supplemental award of attorneys' fees against defendant Joseph Y. Deutsch.
 Background
The facts underlying this action were set forth in prior decisions and orders of this Court, with which familiarity is presumed. Briefly, plaintiff commenced this action to recover the unpaid amounts due on a promissory note executed by defendant. The Court (Nock, J.) granted plaintiff's motion for summary judgment in lieu of a complaint and its application for its reasonable attorneys' fees (Fixy 33 LLC v Deutsch, 2024 WL 1310698, *1 [Sup Ct, NY Co, Mar. 22, 2024], affd 237 AD3d 611 [1st Dept 2025]), and after a hearing, fixed the amount of plaintiff's reasonable attorneys' fees at $75,850.37 (NYSCEF Doc. 29, Jun. 10, 2024 Order). On October 28, 2024, the Clerk of the Court entered judgment against defendant in the amount of $505,406.19, inclusive of interest, costs and disbursements (NYSCEF Doc. 36, Judgment).
Plaintiff now moves to recover an additional $109,991.15 it incurred in attorneys' fees related to defendant's unsuccessful appeals in this action.

Discussion
It is well settled that "attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). As relevant here, the promissory note signed by defendant provides as follows:
"Maker agrees to pay all costs and expenses of collection incurred by Payee, in addition to principal and interest (including, without limitation, reasonable attorneys' fees and disbursements), and including all costs and expenses incurred in connection with the pursuit by Payee of any of its rights or remedies hereunder or the protection of or [*2]realization of collateral or in connection with any of Payee's collection efforts, whether or not any action or proceeding on this Note and/or the other Loan Documents, all such costs and expenses being payable on demand, together with interest at the Default Rate thereon"
(NYSCEF Doc. 4, Promissory Note at 3). Based on a plain reading of the language, above, plaintiff has demonstrated its entitlement to a supplemental award of its reasonable attorneys' fees.
Accordingly, it is
ORDERED that plaintiff's motion for a supplemental award of attorneys' fees that it may recover from defendant Joseph Deutsch is GRANTED, without opposition; and it is further
ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this Court on the following individual issues of fact, which are hereby submitted to the JHO/Special Referee for such purpose: 
(1) the amount of reasonable attorneys' fees plaintiff incurred related to the appeals in this action that plaintiff may recover from defendant Joseph Deutsch; and it is further
ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further
ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further
ORDERED that counsel shall immediately consult one another and counsel for plaintiff shall, within 15 days from the date of this Order, submit to the Special Referee Clerk an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further 
ORDERED that on the initial appearance in the Special Referees Part the parties shall appear for a pre-hearing conference before the assigned JHO/Special Referee and the date for the hearing shall be fixed at that conference; the parties need not appear at the conference with all witnesses and evidence; and it is further
ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further
ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further
ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts.
This constitutes the decision and order of the Court.
DATE 6/26/2025
ASHLEE CRAWFORD, J.S.C.