4525 & 4555 Apts. Corp. v Goldemberg (2018 NY Slip Op 07954)





4525 & 4555 Apts. Corp. v Goldemberg


2018 NY Slip Op 07954


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7669 156473/14

[*1]4525 & 4555 Apartments Corp., Plaintiff-Appellant,
v
Dina Goldemberg, et al., Defendants-Respondents.


The Law Office of Steven G. Fauth, LLC, New York (Suzanne M. Saia of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola (Jennifer Prusiecki of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about April 4, 2018, which, in this action for property damage, inter alia, denied plaintiff's cross motion for summary judgment to the extent of limiting its damages to those directly caused by the contractor hired by defendants Dina Goldemberg and Isaac Goldemberg, unanimously affirmed, with costs.
Defendants do not dispute that they are required to indemnify plaintiff for the damage their contractor directly caused by drilling into the building's gas line. However, plaintiff's claim that the need to bring the gas line into code compliance was caused by the accident and requires indemnification by defendants is unavailing. The proposal letter from the plumber plaintiff hired to have the building's gas service restored after the accident states that the gas line would not pass the pressure test because most of the gas valves were original to the building that was constructed in 1953, and the risers needed to be equipped with lockable gas valves. The record shows that the problem with the gas line resulted from the age of the valves, which were plaintiff's responsibility to maintain and repair under the proprietary lease because they are part of the building's standard equipment. That defendants may have furnished the occasion for plaintiff to have to demonstrate that the building's gas distribution system was code compliant before service could be restored does not mean that defendants became responsible for the costs plaintiff incurred in achieving code compliance when such an obligation was not clearly implied under the proprietary lease (see Hooper Assoc. v AGS Computers , 74 NY2d 487, 491-492 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK