19-76-cv
Desly International Corporation v. Otkrytoe Aktsionernoe Obshchestvo "Spartak"

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand twenty.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                  *Circuit Judges.*

_____

DESLY INTERNATIONAL CORPORATION, MARAT NOVIKOV,
OLGA NOVIKOV, ANDREY NOVIKOV,

                  *Plaintiffs-Counter-Defendants-Appellees*,

                  v.                                    19-76-cv

OTKRYTOE AKTSIONERNOE OBSHCHESTVO "SPARTAK",
AKA SOVMESTNOE PREDPRIYATIE OTKRYTOE, AKA AKTSIONERNOE
OBSHCHESTVO "SPARTAK",

                  *Defendant-Counter-Claimant-Appellant*.[1]

_____

Appearing for Appellant:     John F. Ward, Kelley Drye & Warren LLP (David G. Lindenbaum, *on the brief*), New York, N.Y.

Appearing for Appellees:     Anthony F. Lo Cicero, Amster, Rothstein & Ebenstein LLP (Richard S. Mandaro, *on the brief*), New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Otkrytoe Aktsionernoe Obshchestvo "Spartak" ("Spartak") appeals from the December 7, 2018 opinion and order of the United States District Court for the Eastern District of New York (Vitaliano, *J.*) denying its motion for attorneys' fees under the Lanham Act and pursuant to an agreement between the parties. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

An order denying attorneys' fees is reviewed for abuse of discretion. *CARCO Group, Inc. v. Maconachy*, 718 F.3d 72, 79 (2d Cir. 2013). "An abuse of discretion occurs when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). "The deference exercised in an abuse of discretion review takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record." *Id.* (internal quotation marks omitted).

Spartak first challenges the district court's conclusion that this case is not "exceptional" within the meaning of Section 35 of the Lanham Act. Section 35(a) provides that a court "may award reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). In *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 529-31 (2d Cir. 2018), this Circuit revised its approach to the definition of "exceptional," adopting the test set forth by the Supreme Court for "exceptional cases" under the attorneys' fees provision of the Patent Act. *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545 (2014). *Octane Fitness* provided that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. Courts are to "evaluate the totality of the circumstances," looking to "a wide variety of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Sleepy's LLC*, 909 F.3d at 530 (internal quotation marks omitted).

The district court did not exceed the bounds of its discretion in declining to award attorneys' fees. Spartak's main argument is that Desly International Corp. knew that it was contravening the agreement between the parties when it registered the Spartak mark and logo without written authorization. But the district court found that "[a] panorama view of the entire litigation, particularly the testimony and documents adduced at trial," demonstrated that in context, the action was not as egregious as it seems. *Desly International Corporation v. Otkrytoe Aktsionernoe Obshchestvo "Spartak*," 2018 WL 7054830, at *4 (E.D.N.Y. Dec. 7, 2018) ("*Desly III*"). It noted that Novikov testified he received oral permission to register the marks, and that

Spartak was well aware of Desly's distribution of products under the Spartak mark in the United States. *Id.* at \*2. These findings were well within the range of acceptable decisions on which to base a determination as to whether exceptional circumstances have been shown.

Spartak also challenges the district court's decision not to award Spartak attorneys' fees pursuant to an agreement between the parties. The magistrate judge did not recommend such an award because "Spartak failed . . . to support its request that the Court enforce the attorneys' fee provision of the Agreement . . . ." *Desly International Corporation v. Spartak*, 2018 WL 4522081, at \*7, n.10 (E.D.N.Y. Aug. 1, 2018) ("*Desly II*"). The district court agreed, noting that "[o]bjections are not intended to give litigants a 'second bite at the apple', or, more accurately in this case, a first bite after the fact," and declined to consider the arguments made by Spartak in its objections to the report and recommendation. *Desly III*, 2018 WL 7054830, at \*5.

Spartak argues that the district court erred in finding that it was not a prevailing party because it had not received monetary damages. That is not what the district court found. The district court found that Spartak failed, in its motion before the magistrate judge, to fully develop its argument that it was entitled to fees under the agreement between the parties. *Desly III*, 2018 WL 7054830, at \*5 (noting that "[i]n its motion papers, Spartak merely recited the text of the Agreement's attorney's fees provision and the Court's finding that Desly's false registration constituted a breach, without identifying the applicable law or demonstrating that the provision is enforceable thereunder."). We agree that Spartak failed to adequately raise the issue before the magistrate judge. Under New York law, even if there is an agreement to shift fees, the party seeking fees must show that it is entitled to such fees. *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 492 (1989). "[T]he court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear . . . ." *Id.* Given Spartak's failure to make arguments, we cannot say that Spartak has born "the heavy burden of persuading [the court] to depart from the American Rule." *U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 75 (2d Cir. 2004).

We have considered the remainder of Spartak's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3