Flynn v Red Apple 670 Pac. St. (2022 NY Slip Op 05948)

Flynn v Red Apple 670 Pac. St.

2022 NY Slip Op 05948

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 159187/20 Appeal No. 16528 Case No. 2022-02603 

[*1]Jason Flynn, on Behalf of Himself and all Others Similarly Situated, Plaintiff-Appellant,
v
Red Apple 670 Pacific Street, Defendant-Respondent.

Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for appellant.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J.), entered June 3, 2022, which denied defendant landlord's motion to recover attorneys' fees and expenses it incurred in successfully defending against plaintiff tenant's putative class action for rent overcharges, unanimously affirmed, without costs.
The landlord has not established that it is entitled to indemnification of its legal fees, as it has not shown that the lease provision at issue was unmistakably intended to pertain to claims raised between the parties (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 492 [1989]; Gotham Partners, L.P. v High Riv. Ltd. Partnership, 76 AD3d 203, 204 [1st Dept 2010], lv denied 17 NY3d 713 [2011]). Article 20(A)(5) of the parties' residential lease provides that the landlord may recover legal fees and costs "for legal actions or proceedings brought by [the landlord] against [the tenant] because of a Lease default by [the tenant] or for defending lawsuits against [the landlord] because of [the tenant's] actions." This language, which must be strictly construed, is not "unmistakably clear" so as to constitute a waiver of the general rule against recovery of legal fees and costs (see Hooper Assoc., 74 NY2d at 492). Rather, the language grants the landlord the right to seek legal fees where it has been obliged to defend against lawsuits brought by third parties against the landlord as a result of the tenant's acts.
Furthermore, limitations on the landlord's right to legal fees can be gleaned from lease article 20(B), which provides that the tenant may recover attorneys' fees only where the landlord brings an action against the tenant for a default under the lease and the tenant prevails, or where the statutory reciprocity provision allows the tenant to recover those fees (Real Property Law § 234). Since the tenant's right to attorneys' fees is limited to specific circumstances, article 20(A)(5) must be construed in a similar light (see Hooper Assoc., 74 NY2d at 491-492).
We reject the landlord's argument that because the tenant made a similar claim for legal fees in a previous action, he should be judicially estopped from challenging the claim to legal fees. In fact, the tenant was unsuccessful on that prior claim, and in any event, his mere pleading does not render inequitable his opposition to the landlord's claim for attorneys' fees (see Wells Fargo Bank N.A. v Webster Bus. Credit Corp., 113 AD3d 513, 516 [1st Dept 2014], lv denied 23 NY3d 902 [2014]).
We have considered the landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022