| **Schultz v Martinez** |
| --- |
| 2024 NY Slip Op 31542(U) |
| April 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655430/2023 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

HARVEY SCHULTZ, ANDREA SCHULTZ, SASHA TEHRANI,

Plaintiffs,

- v -

ANTHONY R. MARTINEZ, NOKAMA EQUITIES, LLC,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655430/2023 |
| **MOTION DATE** | 02/29/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion for              DEFAULT JUDGMENT              .

Plaintiffs Harvey Schultz, Andrea Schultz and Sasha Tehrani ("Plaintiffs"), move for an Order pursuant to CPLR 3215 for entry of a default judgment against Defendant Nokama Equities, LLC (the "Company") and Anthony Martinez (collectively, "Defendants") on liability for the relief demanded in Plaintiffs' Complaint dated October 31, 2023, and setting an inquest to determine damages.

According to the Complaint, Mr. Martinez induced Plaintiffs to invest approximately $520,000 with the Company, by promising Plaintiffs that the Company would sell its real estate interests and that Plaintiffs' investment would be liquidated in a five-to-seven-year time frame (NYSCEF 1 ¶¶2-6).  When Mr. Martinez failed to sell the real estate interests, Plaintiffs sought dissolution of the Company.  Mr. Martinez vigorously opposed the claim, and the court found that Mr. Martinez could and would "carry on the business in accordance with the . . . Operating Agreement." (*id.* at ¶¶9-12).  Thereafter on March 7, 2019, Plaintiffs withdrew as members of

655430/2023   SCHULTZ, HARVEY ET AL vs. MARTINEZ, ANTHONY R. ET AL
Motion No.  001

Page 1 of 5

the Company, triggering their right "to an amount equal to the value of the Member's Membership Interest in the Company, to be paid over a period not to exceed five years together with interest" pursuant to the express terms of the Company's Operating Agreement (NYSCEF 2 §12.2(b)). However, Mr. Martinez has failed to pay the Plaintiffs, refuses to communicate with them regarding a payment schedule or plan, and has profited from the increased value of the real estate between March 7, 2019 and the present day (NYSCEF 1 ¶¶11-12, 97). Plaintiffs have now asserted claims for declaratory judgment, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, conversion, constructive trust, equitable accounting, and temporary receivership (NYSCEF 1).

The time for the Defendants to answer has expired (January 12, 2023), and Defendants have not answered or otherwise moved with respect to the Summons and Complaint in this action.[1] For the reasons described below, the motion for default judgment is granted in part.

Plaintiffs have submitted unrebutted evidence demonstrating compliance with the requirements of CPLR 3215 through the Affirmation of Siddartha Rao, Esq. dated February 29, 2024 (NYSCEF 11), and the Affidavit of Harvey Schultz, sworn to on February 26, 2024 (NYSCEF 13), together with the exhibits annexed thereto (NYSCEF 14-15), including the Complaint setting forth the facts establishing Plaintiffs' claims. Plaintiffs also submitted proof that service of summons and complaint was made upon Defendants (*see* NYSCEF 5-6). No opposition has been filed.

---

[1] On January 12, 2024, Defendant Mr. Martinez purported to record representation for both Defendants. However, Mr. Martinez cannot appear on behalf of the Company, as a corporate defendant cannot appear *pro se* under CPLR § 321(a). Moreover, after appearing, Mr. Martinez filed no Answer to the Complaint for himself or the Company, nor requested any extension, nor filed opposition to this motion.

Therefore, Plaintiffs' motion for default judgment is granted as to (1) the claims for declaratory judgment, constructive trust, and equitable accounting; and (2) *liability only* on Plaintiffs' breach of contract claim and unjust enrichment claim.[2] The Court directs the parties to an inquest, before a Special Referee, to hear and make a recommendation to the Court as to an equitable accounting and the amount of damages, if any, to which Plaintiffs are entitled under their breach of contract and unjust enrichment claims.

Defendants may seek a vacatur of the instant default judgment if it can satisfy the requirements of CPLR § 5015, CPLR § 317, or any other relevant law.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion for default judgment against Defendants is **GRANTED IN PART** as to Plaintiffs' claims for declaratory judgment, breach of contract, unjust enrichment, constructive trust, and equitable accounting; the motion is otherwise denied; it is further

**ADJUDGED** and **DECLARED** that the Company's operating agreement requires Mr. Martinez and the Company to provide a payment schedule based on the value of the Plaintiffs'

---

[2] Default judgment cannot be granted on the remaining claims. Plaintiffs' breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and conversion claims are duplicative of their breach of contract claim (*see Hazan v Biamonte*, 77 Misc 3d 1217(A) [Sup Ct, NY County 2022] [noting on default judgment that certain claims were duplicative of breach of contract claims]). Additionally, Plaintiffs have failed to demonstrate the need for a temporary receivership as Plaintiffs have failed to "produce any evidence that the funds or property of the corporation are in danger of being materially injured or destroyed. Therefore, appointment of a receiver is not warranted at this time" (*Smith v Gegen*, 2014 WL 894839 [Sup Ct, NY County 2014]). Finally, Plaintiffs have not supported their request for attorney's fees either by citation to the parties agreement or any applicable law (*Hooper Assoc., Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 491 [1989] ["A]ttorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule"]).

**655430/2023 SCHULTZ, HARVEY ET AL vs. MARTINEZ, ANTHONY R. ET AL**
Motion No. 001

Page 3 of 5

membership interests as of March 7, 2019 with the final payment to be made no later than March 7, 2024; it is further

**ORDERED AND ADJUDGED** that a constructive trust is granted imposing an equitable trust upon the Company and its interests, making Mr. Martinez an equitable trustee for the benefit of Plaintiffs; it is further

**ORDERED** that this matter is directed to an Inquest before a Special Referee who shall hear and make a recommendation to the Court as to (1) an equitable accounting; and (2) Plaintiffs' damages, if any, on the breach of contract and unjust enrichment claims; and it is further

**ORDERED** that the powers of the JHO/Special Referee to determine shall not be limited further than as set forth in the CPLR; and it is further

**ORDERED** that this matter is hereby referred to the Special Referee Clerk (Room 119 M, 646-386-3028 or spref@courts.state.ny.us) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this Court at www.nycourts.gov/supctmanh at the "Local Rules" link), shall assign this matter to an available Special Referee to determine as specified above; and it is further

**ORDERED** that Plaintiffs' counsel shall serve a copy of this order with notice of entry on Defendants within five days and that counsel for Plaintiffs shall, after thirty days from service of those papers, submit to the Special Referee Clerk by fax (212-401-9186) or email an Information Sheet (which can be accessed at http://www.nycourts.gov/courts/1jd/supctmanh/refpart-infosheet-10-09.pdf) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk

**655430/2023   SCHULTZ, HARVEY ET AL vs. MARTINEZ, ANTHONY R. ET AL**
**Motion No.  001**

**Page 4 of 5**

4 of 5

shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

**ORDERED** that the hearing will be conducted in the same manner as a trial before a Justice without a jury (CPLR § 4318) (the proceeding will be recorded by a court reporter, the rules of evidence apply, etc.) and that the parties shall appear for the reference hearing, including with all such witnesses and evidence as they may seek to present, and shall be ready to proceed, on the date first fixed by the Special Referee Clerk subject only to any adjournment that may be authorized by the Special Referee's Part in accordance with the Rules of that Part; and it is further

**ORDERED** that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue specified above shall proceed from day to day until completion.

This constitutes the Decision and Order of the Court.

20240430154444JMC0HEN780A4062C76B481DBE2B1A9524892CB3

| 4/30/2024 | |
|---|---|
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**655430/2023   SCHULTZ, HARVEY ET AL vs. MARTINEZ, ANTHONY R. ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5