Board of Mgrs. of the 432 Park Condominium v 56th & Park (NY) Owner, LLC
2026 NY Slip Op 03381
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Board of Managers of the 432 Park Condominium, etc., et al., Plaintiffs-Appellants,
v
56th and Park (NY) Owner, LLC, et al., Defendants, Harry Macklowe, Defendant-Respondent. [And Other Actions]

Decided and Entered: June 02, 2026
Index No. 655617/21 595204/22 595923/22 595956/22 595257/23 595301/23 595305/23|Appeal No. 6763|Case No. 2024-07359|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Oved & Oved LLP, New York (Glen Lenihan of counsel), for appellants.
Feuerstein Kulick LLP, New York (Richard Trotter of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about November 1, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' cross-motion for summary judgment dismissing defendant Harry Macklowe's second counterclaim for a declaratory judgment and third counterclaim for indemnification, unanimously reversed, on the law, with costs, to grant plaintiffs' cross-motion for summary judgment to dismiss defendant Macklowe's second and third counterclaims, and declare that Macklowe is not entitled to indemnification under the terms of the condominium's governing documents.
The court should have granted plaintiffs' cross-motion for summary judgment dismissing defendant's second and third counterclaims for declaratory relief and indemnification and declared that Macklowe is not entitled to indemnification. The indemnification provisions in the condominium's governing documents do not unequivocally include intraparty disputes between the condominium's board of managers and a board member for those provisions to insulate defendant from liability here as a matter of law.
"When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). The intention to indemnify in the context of an intraparty dispute must be "unmistakably clear from the language of the promise" and "exclusively or unequivocally referable to claims between the parties themselves" (id. at 492). The Court of Appeals has applied this strict construction without deviation, counseling parties that "inclusion of clear language stating that the prevailing party is entitled to recover attorney's fees in an action between the parties would avoid potential litigation on the issue" (Sage Sys., Inc. v Liss, 39 NY3d 27, 33 [2022]).
Here, defendant's reliance on the carve out for self-dealing under section Q(5) of the offering plan and bylaws section 2.11.1(d) is misplaced. Neither provision evinces the clarity required by Hooper and Sage to mandate that plaintiffs indemnify defendant for the breach of fiduciary claims here. Those sections allow plaintiffs to "contract or effect any other transaction with any Board Member . . . without incurring any liability for self-dealing" and to ensure that bad faith or misconduct was not "deemed presumed . . . by the relationship." While these provisions narrow the scope of what may constitute self-dealing by a board member, they do not advance defendant's position that the governing documents require plaintiffs to indemnify him for breach of fiduciary duty claims.
[*2]
The rest of the language in those sections also lacks the clarity mandated by Hooper and Sage to require plaintiffs to insulate defendant from intraparty claims. The balance of offering plan section Q(5) provides that board members "shall have no liability to the Unit Owners, except . . . for his or her own bad faith, gross negligence or willful misconduct," and bylaws section 2.11.1(c) provides for indemnification of board members — bad faith, gross negligence, and willful misconduct excepted — "arising out of such Board Member's serving in such capacity." This language does not "evince an intent by the parties to waive the American rule in an action between the parties on the contract" (Sage Sys. 39 NY3d at 33 n 6). As we explained in declining to apply an indemnification provision to an intraparty dispute in Gotham Partners, L.P. v High Riv. Ltd. Partnership (76 AD3d 203 [1st Dept 2010], lv denied 17 NY3d 713 [2011]), here, the problem with defendant's position is not that his "interpretation is irrational, it is that the strict standard imposed by Hooper requires more than that" (id. at 207). Contrary to defendant's contention, this lack of specificity does not render the indemnity provisions ambiguous; the indemnification provisions here unambiguously do not refer to intraparty claims (id.).
In the context of the claims for breach of fiduciary asserted by plaintiffs, it would violate the strict construction required by Hooper if this Court were to infer, where no express language demands it, that the governing documents insulate defendant from
liability for his alleged breach of fiduciary duty as against plaintiffs. Had that been the parties' intention, they should have said so (Sage Sys., 39 NY3d at 33). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026